[Civ. No. 70053. Second Dist., Div. Six. Apr. 27, 1984.]

JAMES M. KIRK et al., Plaintiffs and Appellants, v.
COUNTY OF SAN LUIS OBISPO et al., Defendants and Respondents.

454

**COUNSEL**

Gerald C. Weaver for Plaintiffs and Appellants.

James B. Lindholm, Jr., County Counsel, and R. Wyatt Cash, Deputy County Counsel, for Defendants and Respondents.

**OPINION**

**GILBERT, J.**—James and Annie Kirk filed a petition for writ of mandate to compel the County of San Luis Obispo (County) to issue a certificate of

compliance for the subdivision of their property under Government Code section 66499.35.[1]

The trial court sustained the County's demurrer without leave to amend on the ground that the action was barred by the 180-day time period for seeking judicial review in section 66499.37 and dismissed the action. We affirm.

The Kirks at the time of this proceeding were the owners of approximately 27 acres of real property in a single parcel divided near its midpoint by a boundary line that was established in a 1903 partition action. That boundary, if valid, would divide the 27-acres parcel into 2 legal parcels: a southerly parcel of 12 and a northerly parcel of 15 acres.

The Kirk property is composed of portions of parcels 1 and 2 which lie within lot 21 of an old subdivision known as the J.F. Branch Homestead Tract in San Luis Obispo County. By a partition decree entered January 12, 1903, parcel 1 was distributed to Annie Poole and parcel 2 was distributed jointly to Carrie, Georgia, Joseph and Francis Poole. When Annie died parcel 1 was distributed through probate to Caroline, Joseph, and Francis Poole and Georgia Stairs (nee Poole?) on October 28, 1935. Sometime thereafter a county road was constructed which cut across parcels 1 and 2 dividing each into two unequal sections. On June 5, 1959, Caroline, Joseph and Francis Poole conveyed that portion of both parcels 1 and 2 lying westerly of the road to Carl and Lena McCoy and transferred the easterly portion of parcel 1 to Elmer O'Hara. James and Annie Kirk subsequently acquired the McCoy parcel by mesne conveyances.

On November 1, 1978, Raymond Smith, as agent for the Kirks, applied to the County's planning department for a certificate of compliance under section 66499.35 to establish that the southerly 12 acres of the Kirk land was a separate legal parcel. The planning department recommended denial. On February 26, 1979, the County board of supervisors (Board), following a hearing, denied the certificate of compliance. The Kirks did not initiate an action for judicial review.

Over a year later, on December 6, 1979, the Kirks personally filed a second application, identical to the first, seeking a certificate of compliance for the same property. On January 17, 1980, their application was returned. The planning department refused to process it because the February 26, 1979, action of the Board had determined the same issue.

---

[1]All statutory references are to Government Code unless otherwise specified.

On May 15, 1980, the Kirks petitioned the superior court for a writ of mandate to order the County to grant a certificate of compliance based on their December 6, 1979, application. The County filed a demurrer to the petition on June 6, 1980, and the hearing on this matter was continued.

On December 30, 1980, the Kirks entered a contract of sale transferring an equitable interest in the northerly 15 acres of their 27 acre parcel to Raymond R. and Cathy Smith. On April 22, 1981, the Smiths applied for a certificate of compliance as to that parcel. On May 29, 1981, the Smiths were notified that their application was rejected. The planning department said it had no authority to process the Smith's application because an application on the same property previously filed by the Kirks had been denied by the Board.

On July 6, 1981, the Smiths filed a petition for writ of mandate similar to the one which the Kirks had previously filed. The County's demurrer to that petition was sustained on September 17, 1981, because the Kirks' action was still pending with respect to the same issue. On April 19, 1982, the Smiths were granted leave to file a complaint in intervention in the Kirks' action.

The County thereupon filed a second demurrer to both the Kirks' petition and the Smiths' complaint in intervention. The trial court on November 2, 1982, sustained this demurrer without leave to amend. The judgment of dismissal was entered May 18, 1983. The Kirks alone have appealed.

The Kirks contend that under section 66424.2[2] their property was exempt from the requirement for a certificate of compliance because the boundary separating the northerly and southerly portions was established prior to the effective date of the Subdivision Map Act (the Act) and no local ordinances then governed the subdivision of this property. The Kirks therefore filed a petition for traditional mandamus (Code Civ. Proc., § 1085) rather than administrative mandamus (Code Civ. Proc., § 1094.5) to compel the County to perform a ministerial act solely to satisfy the title insurance company upon their sale of the northerly 15-acre parcel.

---

[2]In 1979 section 66424.2 provided in pertinent part: "Notwithstanding section 66424, *two or more contiguous parcels* or units of land which have been created under the provisions of this division or any prior law regulating the division of land or a local ordinance enacted pursuant thereto or were not subject to such provisions at the time of the creation shall not merge by virtue of the fact that such contiguous parcels or units are held by the same owner and *no further proceeding under the provisions of this division* or a local ordinance enacted pursuant thereto shall be required for the purpose of sale, lease, or financing of such contiguous parcels or units, or any of them; . . ." (Italics added.) The section was amended in 1980 to substitute "be deemed merged" for "merge" effective January 1, 1981. Section 66424.2 was repealed in 1983 and the subject is currently covered in section 66451.10.

In their petition for the writ the Kirks allege, in substance, that under section 66499.35 the County and the members of the Board have the duty of issuing a certificate of compliance to be filed with the county recorder stating that the southerly 12 acres constitutes a separate parcel of real property; that on December 6, 1979, the Kirks·applied for a certificate of compliance; and that on January 17, 1980, the County arbitrarily denied their application.

■■■ We conclude from our review of the statutory scheme that the Board acted within its authority to grant or deny the Kirks' application for a certificate of compliance pursuant to the Act. Even though the Kirks alleged that their 27-acre parcel of land was, in fact, two legal parcels, the Board was entitled to make a preliminary determination whether their property was legally exempt. The Board's conclusion that the Kirks' attempted property division made them "subdividers" within the meaning of the Act is supported by the statutes.

A "subdivider" is one "who proposes to divide, divides or causes to be divided real property into a subdivision for *himself* or for others. . . ." (§ 66423, italics added.) Section 66424 defines "subdivision" in relevant part as ". . . the division, by any subdivider, of any unit or units of improved or unimproved land . . . for the purpose of sale, . . . whether *immediate or future*. . . ." (Italics added.)

■■■ "The Subdivision Map Act requires a subdivider to file, get approval of and record a subdivision map (Stats. 1943, ch. 128, p. 865, formerly Bus. & Prof. Code, § 11500 et seq.; now Gov. Code, § 66410 et seq.). . . . The purpose of the act is to coordinate planning with the community pattern laid out by local authorities and to assure proper improvements are made so the area does not become an undue burden on the taxpayer. [Citation omitted.]" (*Bright* v. *Board of Supervisors* (1977) 66 Cal.App.3d 191, 193-194 [135 Cal.Rptr. 758].)

■■■ Our conclusion is supported by the language of section 66424.2 which provides among other things, "two or more contiguous parcels" created either under the Act or prior to its enactment shall not merge because they are held by the same owner and "no *further* proceeding" (italics added) shall be required to engage in transactions relating to such property. This language assumes a local agency has made a preliminary determination that there are in fact two legal parcels. Since the Act does not prohibit the local agency from deciding whether the division is exempt under section 66424.2, we conclude that in the interest of uniformity and predictability in land

titles, the Board has authority to decide whether to issue a certificate of compliance under section 66499.35.[3]

The period of limitations for bringing an action for judicial review of an adverse decision under section 66499.35 is found in section 66499.37.[4] At the time of these proceedings, a party had 180 days to appeal the action of the Board.

By its plain meaning, section 66499.37 provides this limitations period for proceedings under the Subdivision Map Act. ■ "It is axiomatic that in the interpretation of a statute where the language is clear, its plain meaning should be followed." (*Great Lakes Properties, Inc.* v. *City of El Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].) Moreover, sections 66499.35 and 66499.37 clearly were meant to relate to one another since both were enacted at the same time and were added to the Government Code by Statutes of 1974, chapter 1536, section 4, operative March 1, 1975, known as the Subdivision Map Act. ■ "The cardinal rule of statutory construction is that a statute must be read and considered as a whole in order that the true legislative intention may be determined. The various parts of a statute must be construed together, and harmonized, so far as it is possible to do without doing violence to the language or to the spirit and purpose of the act, so that the statute may stand in its entirety." (*Candlestick Properties, Inc.* v. *San Francisco Bay Conservation, etc., Com.* (1970) 11 Cal.App.3d 557, 569 [89 Cal.Rptr. 897].)

■ It is true, as the Kirks contend, that traditional mandamus (Code Civ. Proc., § 1085) is appropriate to enforce a ministerial duty of a local agency. (*Resource Defense Fund* v. *County of Santa Cruz,* (1982) 133

[3]Section 66499.35 then provided in pertinent part, "(a) Any person owning real property or a vendee of such person pursuant to a contract of sale of such real property may request, and a local agency shall determine, whether such real property complies with the provisions of this division and of local ordinances enacted pursuant thereto. Upon making such a determination the city or the county shall cause a certificate of compliance to be filed for record with the recorder of the county in which the real property is located. The certificate of compliance shall identify the real property and shall state that the division thereof complies with applicable provisions of this division and of local ordinances enacted pursuant thereto. . . ."

[4]As it then read, section 66499.37 provided: "Any action or proceeding to attack, review, set aside, void or annul the decision of an advisory agency, appeal board or legislative body concerning a subdivision, or of any of the proceedings, acts or determinations taken, done or made prior to such decision, or to determine the reasonableness, legality or validity of any condition attached thereto, shall not be maintained by any person unless such action or proceeding is commenced and service of summons effected within 180 days after the date of such decision. Thereafter all persons are barred from any such action or proceeding or any defense of invalidity or unreasonableness of such decision or of such proceedings, acts or determinations. . . ." Section 66499.37 was amended in 1980 to reduce the time from 180 days to 90 days.

Cal.App.3d 800 [184 Cal.Rptr. 371]; *Great Western Sav. & Loan Assn.* v. *City of Los Angeles* (1973) 31 Cal.App.3d 403 [107 Cal.Rptr. 359]; *Drummey* v. *State Bd. of Funeral Directors* (1939) 13 Cal.2d 75 [87 P.2d 848].) However, section 66499.37 is not by its terms limited in application to quasi-judicial or discretionary decisions and the Kirks have referred this court to no authority engrafting this limitation on the statute.

This court has applied section 66499.37 in a case where the County allegedly exercised no discretion. (*Resource Defense Fund* v. *County of Santa Cruz, supra,* 133 Cal.App.3d 800.) In *Resource Defense Fund,* plaintiffs brought an action for mandate (Code Civ. Proc., § 1085) claiming the approval which the County of Santa Cruz had given to certain minor land divisions was invalid because the county had no valid general plan, and the subdivision could not conform to a nonexistent plan. The appellate court stated: "They alleged that a situation existed in which the county had *no discretion,* but was required to disapprove the subdivisions and to refrain from enacting any zoning ordinances. We conclude this was a traditional mandate proceeding and that the 180-day period provided in section 66499.37 applied." (*Id.,* 133 Cal.App.3d at p. 809.) ■ Therefore the limitations period in section 66499.37 applies when the conduct of a local agency under the Subdivision Map Act is called into question, whether the petition is filed under Code of Civil Procedure section 1085 or section 1094.5 (See, e.g., *Kriebel* v. *City Council* (1980) 112 Cal.App.3d 693 [169 Cal.Rptr. 342].)

Here the trial court concluded that the 180-day period barred the Kirks' action. It therefore found that it was "not necessary to determine whether the denial of issuance of a certificate of compliance to petitioner was a discretionary or a ministerial act. Whichever it was, it is clear that it was a proceeding governed by Government Code section 66499.35." Since we here affirm the trial court, we similarly do not reach this issue.

The Kirks filed their second application for a certificate with the County on December 6, 1979. ■ In the absence of a statute to the contrary, an agency's jurisdiction in a particular proceeding expires when it renders its decision. (*Olive Proration etc. Com.* v. *Agri. etc. Com.* (1941) 17 Cal.2d 204, 209 [109 P.2d 918]; *Chas. L. Harney, Inc.* v. *State of California* (1963) 217 Cal.App.2d 77, 97 [31 Cal.Rptr. 524].) Therefore, the Board lacked jurisdiction to process the second request. The application was rejected for this reason on January 17, 1980.

■ On May 15, 1980, the Kirks filed a petition for mandamus. This was within 180 days after their second application was rejected by the Board. That action of the Board related back to the denial of the Kirks' original

application on February 26, 1979. The 180-day period for seeking judicial review began to run on that date and expired on August 25, 1979. The Board on February 26, 1979, found that in 1959 the Kirks' property was conveyed as a single parcel, and it treated the Kirks' 1979 claim that they held two parcels as a proposal for a subdivision. The parties have filed a sparse record from which it is difficult to determine the merits or the reasoning of the Board when it denied the certificate of compliance. We have neither a record of the original hearing before the Board nor a statement of stipulated facts to determine the basis upon which the Kirks' request was denied.

Although we cannot determine from the record whether or not the Board's decision was correct, the Board clearly acted within its statutory authority. The Kirks having failed to seek judicial review promptly following the 1979 decision of the Board, forfeited their right to challenge that decision. Section 66499.37 provides, in part, that after 180 days "all persons are barred from any such action or proceeding or any defense of invalidity or unreasonableness of such decision. . . ."

The trial court properly dismissed the action upon sustaining the demurrer of the County without leave to amend.

The judgment is affirmed.

Stone, P. J., and Abbe, J., concurred.