[No. D038491. Fourth Dist., Div. One. Jan. 21, 2003.]

JACK H. SPRAGUE et al., Plaintiffs and Appellants, v.
COUNTY OF SAN DIEGO, Defendant and Respondent.

120

**COUNSEL**

Louis E. Goebel for Plaintiffs and Appellants.

John J. Sansone, County Counsel, Judith A. McDonough and Miriam E. Brewster, Deputy County Counsel, for Defendant and Respondent.

**OPINION**

**NARES, Acting P. J.**—Plaintiffs Jack H. Sprague (Jack Sprague), Jack H. Sprague, Jr., Christopher Sprague and Carolyn Sprague Lee (collectively Sprague) brought an action against defendant County of San Diego (the County) based on the County's denial of Sprague's request for approval of a tentative subdivision map and other related plans and permits related to a proposed 146-unit residential development. Express provisions of the Subdivision Map Act set forth in Government Code[1] section 66499.37[2] require that "[a]ny action" challenging a decision by a legislative body "concerning a subdivision" be commenced, and *"service of summons effected,"* within 90 days of the decision. (Italics added.)

Sprague commenced the subject action in a timely manner, but served the summons 117 days after the County's decision. The court granted the County's motion for judgment on the pleadings on the ground Sprague failed

---

[1]All further statutory references are to the Government Code unless otherwise specified.

[2]Section 66499.37 provides in full: *"Any action or proceeding to attack, review, set aside, void or annul the decision of* an advisory agency, appeal board or *legislative body concerning a subdivision,* or of any of the proceedings, acts or determinations taken, done or made prior to such decision, or to determine the reasonableness, legality or validity of any condition attached thereto, *shall not be maintained by any person unless* such action or proceeding is commenced and *service of summons [is] effected within 90 days after the date of such decision. Thereafter all persons are barred from any such action or proceeding* or any defense of invalidity or unreasonableness of such decision or of such proceedings, acts or determinations. Any such proceeding shall take precedence over all matters of the calendar of the court except criminal, probate, eminent domain and forcible entry and unlawful detainer proceedings." (Italics added.)

to comply with the 90-day period for service of summons set forth in section 66499.37.

Sprague appeals from the judgment of dismissal, contending (1) the court erroneously ruled that the service requirement in section 66499.37 is a statute of limitations; (2) the County made a general appearance when it filed its original answer to the complaint, and thus waived any defect in the service of summons; (3) having generally appeared instead of taking issue with jurisdiction in this matter, the County is estopped to assert failure to timely serve the summons as a defense; (4) the court's insistence on referring to the 90-day service requirement of section 66499.37 as a "statute of limitations" blinded the court to the provisions of Code of Civil Procedure section 473, subdivision (b), which provides that a trial court "shall" vacate a dismissal caused by attorney mistake, inadvertence, surprise or neglect; and (5) Sprague was "sorely prejudiced" by the court's erroneous failure to conduct judicial review of the subject residential development project on the merits. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

Sprague owns in fee simple about 64 acres of undeveloped rolling hills in a developed area of Lakeside. Adjoining properties include a 160-space mobilehome park and a condominium complex.

*County's decision*

In 1987, Sprague submitted to the County an application for approval of a specific plan and related permits for a proposed development of 146 residential units. Sprague revised the project and, in August 1988, submitted to the County requests for approval of a specific plan, tentative map, major use permit, and site plan. County staff requested further site-specific review on issues related to hillside development, grading and erosion, visual effects, and traffic circulation and access.

On August 9, 2000, the County Board of Supervisors denied Sprague's application without a hearing.

---

[3]Because this action was dismissed after the court granted the County's motion for judgment on the pleadings, the factual background is taken from Sprague's operative first amended complaint and limited primarily to the facts that relate to the County's statute of limitations defense, which is the subject of the instant appeal.

*Sprague's complaint*

On October 6, 2000, about two months after the County issued its decision, Sprague challenged the decision by filing the subject complaint, which included a related petition for writ of administrative mandamus.[4] Sprague filed these pleadings within the 90-day period specified in section 66499.37 (see fn. 2, *ante*), the statute at issue in the instant appeal. Sprague, however, did not serve the County with a copy of the summons until December 4, 2000, 117 days after the County's August 9 decision, and 27 days after the statutory 90-day time limit for service of summons expired on November 7.

*County's amended answer*

On January 3, 2001, the County answered the complaint without pleading a statute of limitations affirmative defense. Thereafter, with leave of court, the County filed an amended answer that asserted a statute of limitations defense under section 66499.37. Sprague did not oppose the County's application for leave to amend its answer.

*County's first motion for judgment on the pleadings*

The County moved for judgment on the pleadings on the ground the action was barred as a result of Sprague's failure to serve the summons on the County within the 90-day period specified in section 66499.37. In a telephonic ruling issued on March 16, 2001, the court granted the motion, finding that the 90-day limitations period set forth in section 66499.37 is mandatory and "has nothing to do with jurisdiction." The court also found that Sprague "[had] failed to effect service of summons within 90 days . . . of the [County's] decision."

During oral argument on the motion, Sprague's counsel requested leave to amend the complaint to allege facts related to an excuse for Sprague's failure to comply with the service of summons limitation provision of section 66499.37. Specifically, counsel indicated that one of his clients was on medication, had shingles, and was unable to participate in the discovery process.

The court repeatedly expressed skepticism about counsel's "offer of proof" as to Sprague's ability to plead around the time limitation provisions

---

[4]Sprague's complaint alleged claims for administrative mandamus, ordinary mandamus, inverse condemnation, "arbitrary and unlawful government action," violation of federal civil rights, declaratory relief and injunctive relief.

of section 66499.37, observing that the proffered excuse had "nothing to do with serving the complaint almost a month late." The court also observed that Sprague's counsel "could have come into court and gotten leave of court to have things stayed or put on hold or slowed down while [the client] recovered," and the court did not "see a connection between the plaintiff's disability and complying with the statute of limitations."

Over the County's objection, the court granted Sprague's request for leave to amend the complaint, but stated that it could have taken the position that Sprague had waived the contemplated excuse for the failure to timely serve the summons by not raising the excuse in the original complaint and had again waived the excuse by not raising it in opposition to the County's motion for judgment on the pleadings. The court modified its telephonic ruling to allow Sprague to file an amended complaint, but limited the amendment to "the excuse relative to the statute of limitations [issue]."

*Sprague's amended complaint*

Sprague timely filed the combined first amended complaint and first amended petition for administrative mandamus (hereafter the amended complaint)[5] that is the subject of the instant appeal. Sprague added the following new allegations (among others) in the amended complaint relating to an excuse for Sprague's failure to timely serve the summons and complaint within the 90-day limitations period set forth in section 66499.37:

— Jack Sprague, acting on behalf of himself and his children, retained Louis E. Goebel as their counsel in this matter and turned over to him all of their information related to the case;

— In September 2000, Jack Sprague was regularly feeling ill and debilitated, at an increasingly more severe level, and at the end of that month he was diagnosed as suffering from "shingles";

— Shortly before October 6, 2000, Jack Sprague reviewed and signed the complaint and returned it to Goebel, and Goebel advised him it was in proper order and ready to be filed;

— By October 6, 2000, Jack Sprague's physical condition "worsened to severely limit his mobility, energy, and concentration," and it "continued at a severe level through the remainder of the year 2000";

— In early October 2000, Jack Sprague was the defendant in "two other quasi-criminal cases initiated by the [County] which were active and required such attention as he was able to give them";

---

[5]The amended complaint alleged the same seven causes of action set forth in the original complaint (discussed, *ante*).

— During the period from October 6, 2000, to December 31, 2000, Jack Sprague was physically and mentally unable to participate in any stressful activity, and thus unable to participate in the instant case or the other two cases;

— Goebel never advised Sprague that the summons and complaint would not be served as required by law, and Sprague never authorized Goebel to refrain from effecting such service;

— Goebel was solely responsible for the failure to serve the summons on the County within 90 days of the County's decision on August 9, 2000; and

— Without notice to Sprague, Goebel failed to serve the summons in a fashion consistent with the provisions of section 66499.37.

*County's second motion for judgment on the pleadings*

The County answered the amended complaint, again asserting the affirmative defense that the action was barred by section 66499.37. Concurrently, the County renewed its motion for judgment on the pleadings, again asserting the amended complaint failed to state facts sufficient to constitute a cause of action because the action was barred as a result of Sprague's failure to serve the summons within the 90-day period specified in section 66499.37.

In its supporting memorandum of points and authorities, the County argued that Sprague's allegations regarding Jack Sprague's disability could not overcome Sprague's failure to timely serve the summons and complaint within the 90-day period specified by section 66499.37. The County also asserted that Sprague's new allegations concerning Goebel's "mistake and inadvertence" as Sprague's counsel did not constitute a basis for relief from dismissal under Code of Civil Procedure section 473, subdivision (b) (discussed, *post*) because that subdivision does not apply so as to extend the limitations period set forth in section 66499.37.

Sprague opposed the County's renewed motion for judgment on the pleadings, contending the County made a general appearance and waived any defect in the service of summons when it filed its answer to the complaint without taking issue with the late service of summons. Sprague also claimed that the attorney affidavit of mistake provision of Code of Civil Procedure section 473, subdivision (b) mandated relief from dismissal following Sprague's counsel's (Goebel's) acknowledged failure to timely serve the summons in compliance with section 66499.37.

On April 20, 2001, the court issued a telephonic ruling granting the County's renewed motion for judgment on the pleadings. The court found that no authority supported Sprague's contention that Code of Civil Procedure section 473, subdivision (b) mandated relief from the dismissal, and the Legislature did not intend to allow such relief. The court stated that Sprague's "failure to timely serve the summons and complaint work[ed] against the public policy to ensure expeditious judicial resolution of subdivision map disputes." The court also ruled that the County did not waive its statute of limitations defense when it filed its answer to the complaint. Following oral argument, the court confirmed its telephonic ruling.

The court thereafter entered a judgment of dismissal and, on May 23, 2001, the County served Sprague with a notice of entry of judgment. Sprague's timely appeal followed.

## STANDARD OF REVIEW

A defendant's motion for judgment on the pleadings is equivalent to a belated general demurrer to a plaintiff's complaint and is governed by the same standard of appellate review that applies to such a demurrer. (See *Pang v. Beverly Hospital, Inc.* (2000) 79 Cal.App.4th 986, 989 [94 Cal.Rptr.2d 643].) On a plaintiff's appeal from a judgment on the pleadings (as is the case here), the appellate court thus accepts as true all properly pleaded factual allegations (but not contentions, deductions or conclusions of fact or law) in the challenged complaint and gives them a liberal construction. (*Gerawan Farming, Inc. v. Lyons* (2000) 24 Cal.4th 468, 515-516 [101 Cal.Rptr.2d 470, 12 P.3d 720]; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2001) ¶ 8:148, p. 8-86.3 (rev. #1 2002).) A trial court's order granting a defendant's motion for judgment on the pleadings "resolves a mixed question of law and fact that is predominantly one of law, viz., whether or not the factual allegations that the plaintiff makes are sufficient to constitute a cause of action. [Citation.]" (*Gerawan Farming, Inc., supra,* 24 Cal.4th at p. 515.) Accordingly, in evaluating the propriety of a grant of judgment on the pleadings, our review is de novo, and we independently determine whether the complaint states facts sufficient to constitute a cause of action. (*Ibid.*)

"A trial court's order granting or denying relief under [Code of Civil Procedure] section 473, subdivision (b) is reviewed on appeal for abuse of discretion." (*Brown v. Williams* (2000) 78 Cal.App.4th 182, 186 [92 Cal.Rptr.2d 634], citing *Uriarte v. United States Pipe & Foundry Co.* (1996) 51 Cal.App.4th 780, 787-790 [59 Cal.Rptr.2d 332].)

· DISCUSSION

### I. Service of Summons Provision of Section 66499.37

 Sprague contends the court erroneously ruled that the 90-day service of summons requirement in section 66499.37 is a statute of limitations. We reject this contention and follow well-reasoned case law that holds the Legislature intended the mandatory 90-day service of summons requirement in section 66499.37 to operate as a statute of limitations.

 " 'It is axiomatic that in the interpretation of a statute where the language is clear, its plain meaning should be followed.' [Citation.]" *(Kirk v. County of San Luis Obispo* (1984) 156 Cal.App.3d 453, 459 [202 Cal.Rptr. 606].)

 The statute in question here, section 66499.37 provides in part: "Any action or proceeding to attack, review, set aside, void or annul the decision of [a] . . . legislative body concerning a subdivision . . . shall not be maintained by any person unless such action or proceeding is commenced and *service of summons effected within 90 days after the date of such decision. Thereafter all persons are barred from any such action or proceeding*[.] Any such proceeding shall take precedence over all matters of the calendar of the court except criminal, probate, eminent domain and forcible entry and unlawful detainer proceedings."[6] (Italics added.)

In section 66499.37, which is part of the Subdivision Map Act (§ 66410 et seq.),[7] "the Legislature expressly required not only that the action be commenced within 90 days, but also that *service of summons be effected within the same 90 days*." *(Maginn v. City of Glendale* (1999) 72 Cal.App.4th 1102, 1108 [85 Cal.Rptr.2d 639] *(Maginn)*, italics added.) The *Maginn* court explained that "[t]he statutory language makes clear that *the service requirement is mandatory*. Section 66499.37 provides that *any* action to which it applies *'shall not be maintained'* unless the commencement and *service* requirements are met. It adds that, '[t]hereafter all persons are barred from any such action . . . .' " *(Ibid.,* italics added.)

The *Maginn* court referred to section 66499.37, including the provision requiring service of summons within 90 days of the challenged decision, as

---

[6]The full text of section 66499.37 is set forth in footnote 2, *ante.*

[7]"Effective March 1, 1975, . . . [the] Subdivision Map Act was placed in the Government Code ([§] 66410 et seq.) as Division 2 (Subdivisions) of Title 7 (Planning and Zoning)." (4 Witkin, Summary of Cal. Law (9th ed. 1987) Real Property, § 44, p. 259.) Section 66499.37 is found in article 3 (Judicial Review) of chapter 7 (Enforcement and Judicial Review) of division 2 of that code. (36D West's Ann. Gov. Code (1997 ed.) § 66499.37, p. 499.)

a statute of limitations, and explained that the general rule of narrowly interpreting statutes of limitations does not apply to an unambiguous statute like section 66499.37 that reflects a policy judgment by the Legislature that "litigation involving the Subdivision Map Act must be resolved as quickly as possible consistent with due process." (*Maginn, supra,* 72 Cal.App.4th at pp. 1109-1110, citing *Hensler v. City of Glendale* (1994) 8 Cal.4th 1, 23 [32 Cal.Rptr.2d 244, 876 P.2d 1043].[8])

The Court of Appeal in the *Kirk* case also referred to section 66499.37 as a statute of limitations.[9] (*Kirk v. County of San Luis Obispo, supra,* 156 Cal.App.3d at p. 459.)

In *Presenting Jamul v. Board of Supervisors* (1991) 231 Cal.App.3d 665 [282 Cal.Rptr. 564], this court noted the legislative declaration of calendar preference in the last sentence of section 66499.37[10] and explained that the "broad language" the Legislature employed in section 66499.37 governs "[a]ny action or proceeding" challenging a subdivision-related decision of a legislative or advisory entity, or any proceeding, act or determination preceding such a decision: "Highlighted by a legislative declaration of calendar preference, this provision 'manifests "a patent legislative objective that the validity of . . . decisions of a local legislative body, or its advisory agency, be judicially determined as expeditiously as is consistent with the requirements of due process of law." ' [Citations.] . . . [¶] . . . *The broad language the Legislature employed within section 66499.37 was specifically designed to include any challenge,* regardless whether procedural or substantive in character, *to any subdivision-related decision of either a legislative or advisory entity, or any of the necessary precedent proceedings, acts or determinations pursued before the making of the challenged decision.* [Citation.]" (*Presenting Jamul v. Board of Supervisors, supra,* 231 Cal.App.3d at pp. 670-671, italics added.)

---

[8]In *Hensler v. City of Glendale, supra,* 8 Cal.4th at page 23, the California Supreme Court concluded that " '[t]he "patent legislative objective" of [section 66499.37] is to ensure that judicial resolution of Subdivision Map Act disputes occurs "as expeditiously as is consistent with the requirements of due process of law." ' [Citation.]"

[9]The pertinent language of the former version of section 66499.37 at issue in the *Kirk* case was identical to that of the current statute with the exception that it provided for a 180-day limitations period for commencement of suit and service of summons. (See *Kirk v. County of San Luis Obispo, supra,* 156 Cal.App.3d at p. 459, fn. 4.) The *Kirk* court noted that "[s]ection 66499.37 was amended in 1980 to reduce the time from 180 days to 90 days." (*Ibid.*) It is thus clear the Legislature amended section 66499.37 to cut in half—from 180 days to 90 days—the time for effecting service of summons in cases (such as the instant case) governed by that section.

[10]As already noted, the last sentence of section 66499.37 provides: "Any such proceeding *shall take precedence over all matters of the calendar of the court* except criminal, probate, eminent domain and forcible entry and unlawful detainer proceedings." (Italics added.)

Because the language of section 66499.37 is clear and unambiguous, we follow the foregoing California case authorities and hold that the 90-day service of summons requirement in section 66499.37 is mandatory and operates as a statute of limitations. To hold otherwise, this court would have to disregard the plain language of section 66499.37 providing that an action governed by this section "shall not be maintained . . . unless . . . service of summons [is] effected within 90 days after the date of [the subject] decision." Under well-established canons of statutory interpretation, we must follow the plain meaning of clear statutory language such as the foregoing service of summons limitation provision of section 66499.37. (*Kirk v. County of San Luis Obispo, supra,* 156 Cal.App.3d at p. 459.)

## II. *Waiver*

Relying on this court's decision in *Kriebel v. City Council* (1980) 112 Cal.App.3d 693 [169 Cal.Rptr. 342], Sprague contends that the 90-day service of summons requirement in section 66499.37 (discussed, *ante*) merely imposes "a requirement that [a] summons be served," and that the County made a general appearance and waived any defect in Sprague's untimely service of summons when it filed an answer to the complaint without "[taking] issue with the late service." We conclude the *Kriebel* case is distinguishable and reject Sprague's contentions.

In *Kriebel,* a group of homeowners in La Jolla filed a petition for writ of mandate to challenge a decision by the city council of the City of San Diego approving a planned residential development and tentative subdivision map for a 46-unit project. (*Kriebel v. City Council, supra,* 112 Cal.App.3d at p. 697.) The summons on the petition was not issued or served at any time, and thus it was undisputed that the homeowners failed to comply with the 180-day limitations period then provided by section 66499.37. (*Kriebel v. City Council, supra,* at p. 699.) The trial court ruled that the homeowners' first cause of action in the writ petition, which alleged the city had failed to follow the requirements of the Subdivision Map Act, was barred because the homeowners had failed to serve the summons on the petition within the limitations period specified in section 66499.37.[11] (*Kriebel v. City Council, supra,* at p. 698.)

On appeal, the homeowners in *Kriebel* contended that the respondents had appeared generally in the action, *within the 180-day limitations period,* by (1) executing and permitting to be filed a stipulation extending the time for the hearing on the writ petition to a date that was two days after the expiration of the 180-day period, and (2) by filing their answers to the petition. (*Kriebel*

---

[11]See footnote 9, *ante.*

*v. City Council, supra,* 112 Cal.App.3d at p. 699.) Referring to section 66499.37 in a heading as "THE SUBDIVISION MAP ACT STATUTE OF LIMITATIONS," this court concluded that the trial court's dismissal of the homeowners' first cause of action was erroneous because "the execution and filing of the stipulation extending time and the filing and service of the answer constitute[d] general appearances by respondents which waived any irregularities as to issuance or service of summons or other process." (*Kriebel v. City Council, supra,* at p. 700.) In support of this holding, we explained (among other things) that "[a] written stipulation extending the time to appear, answer, demur or otherwise plead reflects an intent to submit to the jurisdiction of the court and constitutes a general appearance. [Citation.]" (*Id.* at p. 699.) We also emphasized that "the parties stipulated to a *continuance of the hearing* on the writ. No reservation of any right to contest jurisdiction was stated." (*Ibid.*)

For purposes of the waiver issue raised in the instant appeal, it is important to note that the respondents in *Kriebel* made their general appearance and thereby submitted to the jurisdiction of the court by filing both their answer and the executed stipulation *within the applicable limitations period* provided by former section 66499.37. In other words, the *Kriebel* respondents generally appeared *before* the action against them was time-barred under section 66499.37.

The *Kriebel* case is distinguishable. Here, the County, unlike the respondents in *Kriebel*, made its initial appearance long *after* the applicable 90-day limitations period now provided in section 66499.37 expired. The record shows that the County denied Sprague's subdivision map application on August 9, 2000, which is thus the date the 90-day limitations period for commencement of action and service of summons began to run under section 66499.37. That period expired on November 7, 2000. Although the complaint was filed in a timely manner on October 6, 2000, Sprague did not serve the County with a copy of the summons and complaint until December 4, 2000, almost a month *after* the statutory 90-day time limit for such service expired on November 7. The County filed its answer to the complaint on January 3, 2001, almost two months after the statutory 90-day limitations period expired. The record thus shows that Sprague's action was already time-barred under section 66499.37 when the County initially appeared by filing its answer to Sprague's complaint.

We note that although the County's original answer did not plead a statute of limitations affirmative defense under section 66499.37, the County thereafter filed, with leave of court, an amended answer that asserted that defense. Sprague did not oppose the County's application for leave to amend its

answer and does not challenge on appeal the court's order granting such leave. In any event, there is no showing that the amendment of the answer unduly prejudiced Sprague. The limitations period under section 66499.37 had already expired when the County filed its amended answer, and there is no indication in the record that any discovery had been conducted.

We reject Sprague's contention that the legal effect of the 90-day service of summons provision in section 66499.37 (discussed, *ante*) merely imposes "a requirement that [a] summons be served." For reasons already discussed, we have concluded that this provision also constitutes a statute of limitations.

We also reject Sprague's contention that the County waived the right to challenge Sprague's untimely service of summons when it answered the complaint without challenging that late service. A trial court has discretion to permit the amendment of an answer to raise a statute of limitations defense in the furtherance of justice. (*Davenport v. Stratton* (1944) 24 Cal.2d 232, 252 [149 P.2d 4]; accord, *Vedder v. Superior Court* (1967) 254 Cal.App.2d 627, 629 [62 Cal.Rptr. 222]; see also 5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 1135, p. 591.) Sprague does not contend on appeal that the court abused its discretion by granting the County leave to plead the statute of limitations defense in its amended answer. For reasons already discussed, Sprague's reliance on *Kriebel v. City Council, supra,* 112 Cal.App.3d at page 699, for the proposition that the County "waived any defect in the service of summons" is unavailing because *Kriebel* is distinguishable.

### III. *Estoppel*

Sprague claims that the County, by filing its original answer without "taking issue with jurisdiction" in this matter, is estopped to assert Sprague's failure to timely serve the summons as a defense. ██ In support of this contention, Sprague quotes *Davenport v. Stratton, supra,* 24 Cal.2d 232, 243, for the proposition that "[e]stoppel may be defined to be a bar by which a man is precluded from denying a fact in consequence of his own previous action which has led another to so conduct himself that, if the truth were established, that other would suffer. [Citation.]" ██ Apparently referring to the County's successful ex parte application for leave to amend its answer to plead the statute of limitations defense under section 66499.37, Sprague then asserts that "[i]t is inconsistent for the County to have waived the service of summons requirement by filing the initial Answer, and then to seek ex parte relief to surreptitiously lay the groundwork for nullification of that waiver . . . ."

These claims and assertions are unavailing. Sprague cannot reasonably argue that the failure to serve the summons within the 90-day time frame required by section 66499.37 was in reliance on the County's act of answering the complaint without raising the affirmative defense that the action was barred under section 66499.37 for failure to timely serve the summons. In fact, Sprague pleaded in the first amended complaint that the untimely service of summons resulted from the fact that Jack Sprague was physically and mentally unable to participate in any stressful activity, and thus unable to participate in the instant case or the other two cases.

To the extent Sprague claims the County should be estopped on the ground it waived the 90-day service of summons requirement, we have concluded for reasons already discussed that the County did not waive the right to challenge Sprague's untimely service of summons. Accordingly, we reject Sprague's estoppel claims.

### IV. *Code of Civil Procedure Section 473, Subdivision (b)*

Sprague also contends the court's "insistence" on referring to the 90-day service of summons requirement of section 66499.37 as a statute of limitations blinded it to the provisions of Code of Civil Procedure section 473, subdivision (b), which requires a trial court to vacate a dismissal caused by attorney mistake. We reject this contention.

In 1988, the Legislature amended Code of Civil Procedure section 473 to mandate relief from a default judgment resulting from an attorney's mistake, inadvertence, surprise, or neglect, provided a timely application for relief was accompanied by the attorney's sworn affidavit of fault. (Stats. 1988, ch. 1131, § 1, p. 3631; 8 Witkin, Cal. Procedure, *supra* Attack on Judgment in Trial Court, § 195, p. 701.)

In 1992, Code of Civil Procedure section 473 was amended, effective January 1, 1993, to add "dismissal" to the matters for which relief is either discretionary or mandatory under that section. (Stats. 1992, ch. 876, § 4, pp. 4071-4072; *Castro v. Sacramento County Fire Protection Dist.* (1996) 47 Cal.App.4th 927, 930 [55 Cal.Rptr.2d 193] (*Castro*).) "The purpose of this amendment was 'to put dismissed plaintiffs on the same footing as defaulted defendants.' [Citation.]" (*Castro, supra,* 47 Cal.App.4th at p. 930.)

Code of Civil Procedure section 473, subdivision (b), as amended, currently provides in part that a trial court "shall" vacate "any . . . default judgment or dismissal" against a party resulting from an attorney's mistake, inadvertence, surprise, or neglect when the party's application for relief

under that section is accompanied by the attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect.[12]

In *Castro, supra,* 47 Cal.App.4th 927, the issue presented was whether Code of Civil Procedure section 473, subdivision (b), as amended in 1992, permits relief from a dismissal entered against a plaintiff whose attorney failed to comply with the applicable statute of limitations through the attorney's mistake, inadvertence, surprise or neglect. (*Castro, supra,* 47 Cal.App.4th at p. 928.) *Castro* involved a personal injury action against a county fire protection district. The plaintiff's counsel, allegedly due to a calendaring error on his part, failed to file the complaint within six months of notice of the rejection of the plaintiff's government tort claim as required by section 945.6, subdivision (a)(1). The trial court sustained without leave to amend the fire district's demurrer, and entered a judgment of dismissal. (*Castro, supra,* 47 Cal.App.4th at p. 929.) The Court of Appeal affirmed and held that the extension of mandatory relief for dismissals resulting from attorney error now codified in Code of Civil Procedure section 473, subdivision (b) is not available when the dismissal is for failure to comply with the applicable statute of limitations. (*Castro, supra,* 47 Cal.App.4th at p. 930.)

The *Castro* court reasoned that "the Legislature did not intend by its 'noncontroversial' 1992 amendments to section 473 to . . . create a loophole through which a plaintiff may escape the bar of the statute of limitations. Statutes of limitations are a fundamental aspect of our legal system. They are ' "vital to the welfare of society and are favored in the law." ' [Citation.] '[S]tatute[s] of limitations traditionally play[] a valid role in laying stale causes to rest and providing finality and repose without the need for any court adjudication. [Citations.]' [Citation.] Had the Legislature intended to effect such a radical change in legal procedure as mandatory relief from the operation of the statute of limitations, it would have expressly said so in unambiguous language." (*Castro, supra,* 47 Cal.App.4th at p. 933.)

In support of its decision, the *Castro* court followed the decision in *Hanooka v. Pivko* (1996) 22 Cal.App.4th 1553, 1563 [28 Cal.Rptr.2d 70], which held that the extension of mandatory relief for dismissals resulting from attorney error under Code of Civil Procedure section 473 is not available when the judgment of dismissal is for failure to comply with the

---

[12]Code of Civil Procedure section 473, subdivision (b) provides in part: "[T]he court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any . . . resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."

medical malpractice statute of limitations set forth in section 340.5 of that code. (*Castro, supra,* 47 Cal.App.4th at p. 933.) Citing *Kupka v. Board of Administration* (1981) 122 Cal.App.3d 791, 794-795 [176 Cal.Rptr. 214], the *Hanooka* court explained that statutes of limitations are generally regarded as inflexible and are enforced regardless of personal hardship, and although some limitations statutes provide for an extension of the limitations period on a showing of good cause, "[w]here the statute lacks an explicit provision for extension, ' . . . it must be inferred the Legislature did not intend to permit relief on grounds of good cause or under section 473. [Citation.]' " (*Hanooka v. Pivko, supra,* 22 Cal.App.4th at p. 1561.)

We follow the *Castro* and *Hanooka* decisions, which are well reasoned. As we have already discussed, the statute at issue in the instant appeal, section 66499.37, "provides that *any* action to which it applies *'shall not be maintained'* unless the commencement and *service* requirements are met." (*Maginn, supra,* 72 Cal.App.4th at p. 1108, italics added.) That section unequivocally provides that "[t]hereafter all persons are barred from any such action . . . ." (§ 66499.37.) The language of section 66499.37 contains no express provision for an extension of the limitations period set forth therein. We hold that the extension of mandatory relief for dismissals resulting from attorney error under Code of Civil Procedure section 473, subdivision (b) is not available when the judgment of dismissal is for failure to comply with the 90-day limitations provisions for commencement of suit and service of summons set forth in section 66499.37.

## V. *Prejudice*

Last, Sprague complains that the court's failure to conduct judicial review of the subject residential development project on its merits was erroneous and "sorely prejudiced" Sprague. Citing *Hensler v. City of Glendale, supra,* 8 Cal.4th 1, Sprague maintains that "the real purpose of [section 66499.37's] limitations was to limit the time for 'NIMBYs'[13] and other opposition activists to proceed to attack **approvals** of subdivision maps and housing projects, not for use as a vehicle for preventing judicial review of *denial* of such projects[.]" (Original boldface, italics added.)

Sprague appears to contend that the limitations provisions of section 66499.37 do not apply to a *denial* of an application of a subdivision map because the purpose of that statute is to provide finality where such an application has been *approved.* We reject this contention.

Existing case law has applied the 90-day limitations provisions of section 66499.37 to the *denial* of subdivision maps. In the *Maginn* case, which

---

[13]We presume the term "NIMBY" means "Not In My Back Yard."

involved a city's denial of the plaintiffs' application for a tentative parcel map for a proposed subdivision, the Court of Appeal affirmed a judgment of dismissal that the trial court entered after sustaining the city's demurrer on statute of limitations grounds under section 66499.37 where the plaintiffs failed to serve the summons until two days after the 90-day limitations period for such service expired. (*Maginn, supra,* 72 Cal.App.4th at pp. 1104, 1108.) In *Soderling v. City of Santa Monica* (1983) 142 Cal.App.3d 501 [191 Cal.Rptr. 140], the defendant city denied final map approval for several condominium conversion projects after the plaintiff developer failed to meet certain repair and improvement conditions imposed by the city when it approved the earlier tentative maps for the projects. (*Id.* at pp. 503-504.) More than two years after the city imposed the subject conditions, the developer brought suit to compel certain city officials to approve the final maps. (*Id.* at pp. 503, 505.) The Court of Appeal affirmed the judgment denying the developer's petitions for writs of mandate, concluding that his claims were time-barred under section 66499.37. (*Soderling v. City of Santa Monica, supra,* at p. 505.)

Furthermore, as already discussed, section 66499.37 applies by its own terms to "[a]ny action or proceeding to attack, review, set aside, void or annul the decision of . . . [a] legislative body concerning a subdivision . . . ."[14] (Italics added.)

### DISPOSITION

The judgment of dismissal is affirmed.

McIntyre, J., and McConnell, J., concurred.

On February 10, 2003, the opinion was modified to read as printed above. Appellants' petition for review by the Supreme Court was denied April 30, 2003.

---

[14]See text of section 66499.37 at footnote 2, *ante.*