Filed 9/3/14  Barnum v. Redlands Muffler and Brake CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| CARL L. BARNUM III, | |
| Plaintiff and Appellant, | E057352 |
| v. | (Super.Ct.No. CIVDS1106903) |
| REDLANDS MUFFLER & BRAKE et al., | O P I N I O N |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Pacheco, Judge.  Affirmed.

Timothy L. Taggart for Plaintiff and Appellant.

Haight Brown & Bonesteel and John M. Wilkerson for Defendants and Respondents.

## I.  INTRODUCTION

Plaintiff and appellant, Carl L. Barnum III, sued defendants and respondents, Redlands Muffler and Brake (RMB) in Redlands and the Fred Edsell and Susan Edsell

1

Revocable Trust, the owners of the property on which RMB operates its business. Barnum seeks statutory damages from defendants for multiple violations of the Unruh Civil Rights Act (the UCRA) (Civ. Code, § 51 et seq.),[1] plus attorney fees. Barnum, a disabled person who holds a disabled parking space placard, alleges there were no disabled parking spaces at RMB when he attempted to patronize the business on eight occasions in March, April, and May 2011.

The court granted defendant's motion for judgment on the pleadings on the ground Barnum was judicially estopped from asserting his UCRA claims because he did not disclose them as assets in his chapter 7 bankruptcy proceeding after the bankruptcy court ordered the bankruptcy proceeding reopened.[2] (*Hamilton v. State Farm Fire & Cas. Co.* (9th Cir. 2001) 270 F.3d 778, 782-785 (*Hamilton*) [judicial estoppel bars bankrupt debtor from later pursuing claims he did not disclose as assets in his bankruptcy proceeding].) Barnum appeals, claiming he was not required to disclose the UCRA claims in his bankruptcy proceeding, because the claims did not accrue until after he petitioned for bankruptcy and after the bankruptcy proceeding was originally closed. We conclude the doctrine of judicial estoppel bars Barnum from asserting his UCRA claims against defendants, and affirm the judgment of dismissal.

---

[1] All further statutory references are to the Civil Code unless otherwise indicated.

[2] The record does not include a copy of the trial court's tentative decision granting the motion for judgment on the pleadings or a reporter's transcript of the hearing on the motion, but the order granting the motion indicates it was granted on judicial estoppel grounds because that was the ground defendants advanced in their moving papers.

## II.  BACKGROUND

A.  *Barnum's Complaint*

Barnum alleges he has physical impairments which substantially limit one or more of life's major activities, and holds a disability parking placard issued by the California Department of Motor Vehicles.  On March 12, 22, April 3, 5, 6, 15, 19, and May 12, 2011, Barnum went to RMB's place of business in Redlands "to utilize their goods and/or services," but was "architecturally barred" from accessing the business because it had no handicapped parking spaces.  Barnum alleges this discriminated against him based on his physical disabilities and caused him "difficult[y], discomfort and/or embarrassment."

On May 31, 2011, Barnum filed the present action, alleging defendants violated the UCRA on the dates he attempted to patronize RMB's business by not having disabled parking spaces at RMB's place of business.[3]  The complaint sought $4,000 in statutory damages for each of the eight alleged UCRA violations, plus $5,000 in attorney fees. (§ 52.)  Defendants filed a joint answer to the complaint, generally denying its allegations and asserting affirmative defenses.

---

[3]  Barnum later dismissed his first cause of action alleging defendant's failure to have disabled parking spaces violated the Disabled Person Act (§ 54 et seq.), leaving only his second cause of action alleging that the same conduct violated the UCRA.  Section 51, subdivision (f) of the UCRA provides:  "A violation of the right of any individual under the Americans with Disabilities Act of 1990 ([the ADA]) shall also constitute a violation of this section."  (Fn. omitted.)

B.  *Barnum's Reopened Bankruptcy Proceedings*

On July 20, 2010, before his UCRA claims against defendants accrued in March, April, and May 2011, Barnum filed a voluntary petition for bankruptcy pursuant to chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, case No. 6:10-bk-32567-SC.  On February 16, 2011, still before any of his UCRA claims against defendants accrued, the bankruptcy court ordered Barnum's debts discharged and his bankruptcy action was closed.

Then, on April 26, 2011, Barnum moved to reopen his bankruptcy proceedings for the purpose of disclosing "assets that were mistakenly or inadvertently omitted," among other reasons.  The bankruptcy court granted the motion on June 14, 2011.  On July 19, 2011, Barnum filed an electronic filing declaration in his reopened bankruptcy proceeding, disclosing other UCRA and ADA claims against other defendants that arose before his bankruptcy petition was filed in June 2010, but not disclosing any of his then-accrued March, April, or May 2011 UCRA claims against defendants.

On August 19, 2011, the United States Department of Justice, Office of the United States Trustee (the Trustee), instituted an action against Barnum, case No. 6:11-ap-01877-SC (the adversary bankruptcy action).  In the adversary bankruptcy action, the Trustee sought to revoke the February 16, 2011, order discharging Barnum's debts based on his failure to disclose a number of previously accrued ADA claims during the original bankruptcy proceedings.  On November 1, 2011, the bankruptcy court revoked its

4

February 16, 2011, order discharging Barnum's debts. Then, on July 20, 2012, the bankruptcy court issued a new order discharging Barnum's debts.

C. *Defendants' Motion for Judgment on the Pleadings*

On August 2, 2012, defendants moved for judgment on the pleadings based on Barnum's failure to list his UCRA claims against them as assets in his bankruptcy proceeding after the proceeding was reopened.[4] Barnum opposed the motion, and the trial court granted it following a September 11, 2012, hearing.[5] In granting the motion, the trial court took judicial notice of the bankruptcy court records, but not Barnum's ADA complaints against other defendants. Barnum appeals the judgment of dismissal.

### III. DISCUSSION

A. *Standard of Review*

"A defendant's motion for judgment on the pleadings is equivalent to a belated general demurrer to a plaintiff's complaint and is governed by the same standard of appellate review . . . ." (*Sprague v. County of San Diego* (2003) 106 Cal.App.4th 119, 127.) We independently determine whether the complaint states a cause of action,

---

[4] The motion for judgment on the pleadings was made by way of defendants' ex parte application for leave to continue the hearing on Barnum's motion for summary judgment pending a hearing on the motion for judgment on the pleadings. Barnum opposed the ex parte application, addressing the motion for judgment on the pleadings on its merits in his ex parte opposition papers.

[5] As noted in footnote 2, *ante*, the record does not include a reporter's transcript of the hearing on the motion, nor does it include the trial court's tentative decision granting the motion.

5

assuming the truth of all well-pleaded factual allegations, and also considering judicially noticed matters (here, court records from Barnum's bankruptcy proceedings).  (*Ibid*.)

B.  *Judgment on the Pleadings Was Properly Granted*

A debtor in bankruptcy has an affirmative duty and continuing duty to disclose all assets the debtor owns, including contingent and unliquidated legal claims, on the debtor's asset schedules throughout the pendency of the bankruptcy proceeding.  (11 U.S.C.A. § 521(1); *Cusano v. Klein* (9th Cir. 2001) 264 F.3d 936, 947 ["[c]auses of action are separate assets which must be formally listed"]; *Hay v. First Interstate Bank of Kalispell, N.A.* (9th Cir. 1992) 978 F.2d 555, 557 ["'the debtor must disclose any litigation likely to arise in a nonbankruptcy context'"]; see also *Gottlieb v. Kest* (2006) 141 Cal.App.4th 110, 132-133, 138.)  Additionally, "[a] debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding."  (*Hamilton*, *supra,* 270 F.3d at p. 785.)

A debtor who fails to list legal claims on his bankruptcy schedules perpetrates a fraud on the bankruptcy court and creditors who rely on the schedules to determine what, if any, action to take in the bankruptcy proceeding.  (*Hamilton*, *supra,* 270 F.3d at p. 785.)  As one court has explained:  "The basic principle of bankruptcy is to obtain a discharge from one's creditors in return for all one's assets, except those exempt, as a result of which creditors release their own claims and the bankrupt can start fresh. Assuming there is validity in [the debtor's] present suit, it has a better plan.  Conceal your

6

claims; get rid of your creditors on the cheap, and start over with a bundle of rights. This is a palpable fraud that the court will not tolerate, even passively. . . ." (*Payless Wholesale Distrib. v. Alberto Culver* (1st Cir. 1993) 989 F.2d 570, 571; *In re Rolland* (Bankr. C.D.Cal. 2004) 317 B.R. 402, 413 ["Full and comprehensive disclosure [of the debtor's assets] is critical to the integrity of the bankruptcy process"].)

It is therefore settled law that a debtor who fails to disclose a legal claim on his bankruptcy schedules is judicially estopped from asserting the claim in a subsequent proceeding. (*Hamilton*, *supra,* 270 F.3d at p. 785; *Hay v. First Interstate Bank of Kalispell, N.A., supra,* 978 F.2d at p. 557; *In re Coastal Plains, Inc.* (5th Cir. 1999) 179 F.3d 197, 208.) In *Hamilton*, the debtor failed to list a claim against his insurer on his asset schedules, then pursued the claim against the insurer in the district court after the bankruptcy proceeding was dismissed. (*Hamilton, supra,* at pp. 781-782.) The district court granted summary judgment for the insurer and the *Hamilton* court affirmed, reasoning that the doctrine of judicial estoppel bars persons from asserting inconsistent positions in different cases, and the application of the doctrine to bar a debtor from pursuing a claim not disclosed in the debtor's bankruptcy proceeding is necessary to protect the integrity of the bankruptcy process. (*Id*. at pp. 782, 785.)

*Hamilton* is on point and controlling. Barnum failed to disclose his March, April, and May 2011 UCRA claims against defendants on his bankruptcy schedules *after* the bankruptcy court ordered his bankruptcy proceeding reopened in June 2011. Though Barnum amended his schedules to list *other* UCRA and ADA claims against *other*

7

defendants which had accrued *before* he filed his chapter 7 bankruptcy petition in June 2010, and which he had not disclosed in the original bankruptcy proceeding, he did not amend his schedules to disclose his claims against defendants, which had accrued by the time the bankruptcy proceeding was ordered reopened.

Barnum claims *Hamilton* is distinguishable because, unlike the present case, it did not involve a reopened bankruptcy proceeding, and the debtor's unlisted claim against his insurer accrued before the debtor petitioned for bankruptcy protection. We disagree this is a material distinction that renders *Hamilton* inapplicable to the present case. After the bankruptcy court ordered Barnum's bankruptcy proceeding reopened in June 2011, Barnum had an affirmative duty to disclose his *then-accrued* March, April, and May 2011 UCRA claims against defendants in order to obtain a discharge of his debts based on a full and fair disclosure of his assets. Because Barnum did not disclose his claims against defendants after his bankruptcy proceeding was ordered reopened in June 2011, the July 20, 2012, bankruptcy court order discharging Barnum's debts was not based on a full and fair disclosure of Barnum's assets.

At oral argument, Barnum's counsel argued for the first time that Barnum was not required to list his postpetition, March, April, and May 2011 UCRA claims against defendants in his reopened bankruptcy proceeding because he filed a *chapter 7* bankruptcy petition, and directed this court's attention to *Haley v. Dow Lewis Motors, Inc.* (1999) 72 Cal.App.4th 497, 504 (when a debtor filed a chapter 7 petition, two estates are created, a bankruptcy estate and a postpetition estate belonging to the debtor, and

8

when the events giving rise to a cause of action occur following the filing of the chapter 7 petition, the cause of action is not the property of the bankruptcy estate). Barnum did not raise this argument or direct this court's attention to *Haley* or similar authority in the trial court or in his opening or reply briefs on appeal.

Following oral argument, we asked the parties to file supplemental briefs addressing whether Barnum had *waived or forfeited* his claim that he was not required to list his March, April, and May 2011 UCRA claims in his chapter 7 bankruptcy proceeding after the bankruptcy court ordered the case reopened in June 2011. Barnum filed a supplemental brief but did not address the waiver or forfeiture issue. We therefore exercise our discretion to consider the claim waived. (*In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 1004 [appellate court can treat as waived any issue not supported by proper citation of authority]; *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 [same]; see also *Estate of McDaniel* (2008) 161 Cal.App.4th 458, 463 [contentions raised for first time at oral argument are disfavored and may be rejected solely on the ground of their untimeliness])

## IV.  DISPOSITION

The judgment is affirmed.  Defendants shall recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING
        J.

We concur:

McKINSTER
       Acting P. J.

CODRINGTON
       J.