[No. D014055. Fourth Dist., Div. One. June 30, 1992.]

DAVID CANO, SR., et al., Plaintiffs and Appellants, v.
STATE BOARD OF CONTROL, Defendant and Respondent.

**COUNSEL**

Judith Rowland for Plaintiffs and Appellants.

Daniel E. Lungren, Attorney General, Henry G. Ullerich and Melvin R. Segal, Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

NARES, J.—This case concerns the interpretation of Government Code section 13960. Appellants David Cano, Sr., Ariel Cano, and David Cano, Jr., (collectively, the Canos) first submitted a claim for indemnification from the crime victims' Restitution Fund established by Government Code section 13960 et seq.[1] Relying on its interpretation of the statutes, the claim was thereafter denied by respondents State Board of Control (Board). The Canos then sought a writ of mandate in superior court, which was denied. The Canos appeal. We affirm.

### BACKGROUND

Vincent Rodriguez was murdered on November 21, 1987, thus becoming a victim of crime as defined by section 13960, subdivision (a)(1),[2] that is, "[a] person who sustains injury or death as a direct result of crime." (Hereinafter, a direct victim.) His surviving sister, Linda Rodriguez, was

---

[1] All statutory references are to the Government Code.
[2] Section 13960 provides in part as follows:
"(a) 'Victim' means . . .
"(1)  A person who sustains injury or death as a direct result of crime.
" . . . . . . . . . . . . . . . . . . . . . . . .

later compensated for mental health expenses because she also was a "victim" as defined by section 13960, subdivision (a)(4), that is, a "family member [who] has incurred emotional injury as a result of the crime." (Hereinafter, a derivative victim.)

Linda Rodriguez has two children by her common law husband, David Cano, Sr. The three Canos were denied compensation they had sought under section 13960, subdivision (a)(3), claiming they were persons whose "presence during treatment of the victim [Linda Rodriguez] is medically required for the successful treatment of the victim." The Board determined the Canos were ineligible because section 13960, subdivision (a)(3) limits such compensation only to those persons whose presence is medically necessary for treatment of a subdivision (a)(1) direct victim.

The Canos challenge the Board's interpretation of the governing statute, and in the alternative assert the Board's actions constituted improper administrative rulemaking. In light of our resolution of the statutory interpretation question, we do not reach the alternative contentions.

## DISCUSSION

■ In essence, the Canos request us to interpret the statute to permit compensation for persons whose presence is medically necessary for treatment of *any* "victim" described in section 13960, subdivision (a), including a derivative victim. Respondent Board urges such compensation was intended for those attending the treatment of a direct victim as described in section 13960, subdivision (a)(1) only. Board is correct.

The statute in question authorizes compensation for those whose presence is necessary for the successful treatment "of a victim specified by paragraph (1)." That is, those family members whose presence is necessary during the medical treatment of a "person who sustains injury . . . as a direct result of crime," i.e., a direct victim. Although Linda Rodriguez is a derivative victim, as set forth in section 13960, subdivision (a)(4), she is not a direct victim such as those persons who are described in subdivision (a)(1).

"In determining [legislative] intent, we look first to the words themselves. [Citations.] When the language is clear and unambiguous, there is no need for construction. [Citations.]" (*People* v. *Woodhead* (1987) 43 Cal.3d 1002,

---

"(3) Any member of the family of a victim specified by paragraph (1) . . . whose . . . presence during treatment of the victim is medically required for the successful treatment of the victim.

"(4) Any member of the family of a person who sustains injury or death as a direct result of a crime when the family member has incurred emotional injury as a result of the crime."

1007-1008 [239 Cal.Rptr. 656, 741 P.2d 154].) The statute clearly restricts paragraph (3) compensation to family members whose presence is necessary for treatment of a paragraph (1), or direct victim of crime. The Canos would have us hold that paragraph (3) compensation is available for family members of a paragraph (4), or derivative victim. To do so would violate the express legislative restriction to the contrary, and ignore the proper compensatory goals of the statutory scheme.[3]

The Canos suggest we interpret the word "victim" in the *first* clause of paragraph (3) to mean (by the express reference to paragraph (1)) a direct victim, such as Vincent Rodriguez, while the same word "victim" in the *second* clause of paragraph (3) should be read to include a paragraph (4) derivative victim, such as Linda Rodriguez. In support of this argument the Canos largely rely on "that last hope of lost interpretive causes, . . . legislative history." (*United States* v. *Thompson/Center Arms Co.* (1992) 504 U.S. __, __ [119 L.Ed.2d 308, 321, 112 S.Ct. 2102] (conc. opn. of Scalia, J.).) Nothing in the legislative history of the statute, however, supports such an inconsistent and illogical interpretation.

Instead, we hold that paragraph (3) authorizes compensation *only* for family members whose presence is medically necessary for the successful treatment of a paragraph (1), or "direct" victim. The word "victim," which is explicitly so defined when used in the first clause of paragraph (3), retains the same meaning when used in the second clause of the same paragraph.

We thus find the requested compensation is not permitted under the clear and unambiguous statutory language, and reject the Canos' contrary arguments. Linda Rodriguez, a derivative victim under paragraph (4), is not also a paragraph (1) direct victim. The paragraph (3) compensation for family members whose presence is necessary for treatment of a victim is restricted to family members of a direct victim only, and the Canos' contrary arguments were properly rejected by the Board and the court below. Because the Board's interpretation of the statute was correct, we need not consider the Canos' arguments concerning improper administrative rulemaking.

---

[3]The Canos also argue that since a homicide victim (such as Vincent Rodriguez) cannot receive "treatment," the compensation for persons whose presence is necessary for treatment of a victim should include a derivative victim (such as Linda Rodriguez). Not so. The Legislature could properly limit its concern to treatment of *surviving* direct victims of crime and those persons whose presence is necessary for the treatment of surviving direct victims. The restriction of compensation to family members of direct victims is rationally and properly related to the goals sought to be served by this legislation.

## DISPOSITION

The judgment is affirmed. Each party to bear own costs on appeal.

Work, Acting P. J., concurred. Huffman, J., concurred in the result.