[No. C021147. Third Dist. July 23, 1996.]

ELISE STONER CASTRO, Plaintiff and Appellant, v.
SACRAMENTO COUNTY FIRE PROTECTION DISTRICT et al.,
Defendants and Respondents.

**COUNSEL**

Gerald Glazer for Plaintiff and Appellant.

McIntosh & Dean and Craig G. McIntosh for Defendants and Respondents.

**OPINION**

**PUGLIA, P. J.**—Code of Civil Procedure section 473 (section 473) provides the court shall vacate any "default judgment or dismissal" against a party resulting from attorney mistake, inadvertence, surprise or neglect. We are asked to decide if a "dismissal" within the meaning of this provision includes a judgment of dismissal for failure of plaintiff to comply with the

statute of limitations. The superior court concluded section 473 relief is unavailable in those circumstances. We agree with the superior court.

## I

Plaintiff sustained personal injuries on October 4, 1993, when the vehicle she was driving was struck by a fire truck negligently operated by defendant Mark Stewart while in the course and scope of his employment with defendant Sacramento County Fire Protection District (District).[1] On March 1, 1994, plaintiff served on the District a claim for damages incurred in the accident. The District rejected the claim on March 10.

Under Government Code section 945.6, subdivision (a)(1), a suit brought against a public entity on a cause of action for which a claim is required must be commenced within six months of notice the claim has been rejected.

Plaintiff filed her complaint on September 29, 1994, 19 days after the expiration of 6 months following notice of claim rejection. According to plaintiff's counsel, the untimely filing was the result of "a calendaring error on [counsel's] part." The defendants demurred to the complaint on the ground the statute of limitations had run, and the superior court sustained the demurrers with leave to amend. Plaintiff filed a first amended complaint which included, among other things, a request under section 473 for relief from the failure timely to file the complaint. The defendants again demurred. Thereafter, plaintiff filed a motion for relief under section 473.

The superior court sustained defendants' demurrers to the first amended complaint on the ground the statute of limitations had run, this time without leave to amend. The court concluded section 473 relief is unavailable to plaintiff and dropped her motion from the calendar. The court entered judgment dismissing plaintiff's complaint.[2] Plaintiff appeals.

## II

Prior to its amendment in 1992, section 473 gave a court discretion to relieve a party from a "judgment, order, or other proceeding" taken due to the party's mistake, inadvertence, surprise, or excusable neglect but mandated relief from a "default judgment" when caused by attorney error. (Stats.

---

[1]Hereafter, Stewart and the District will be referred to collectively as defendants.

[2]Pursuant to Government Code section 950.2, "[A] cause of action against a public employee . . . for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred" under Government Code section 945.6, subdivision (a)(1).

1991, ch. 1003, § 1.) In *Billings* v. *Health Plan of America* (1990) 225 Cal.App.3d 250, 256 [275 Cal.Rptr. 80], the mandatory portion of this provision was interpreted according to its plain language to apply only to default judgments.

In 1992, section 473 was amended, effective January 1, 1993, to add "dismissal" to the matters for which relief is either discretionary or mandatory. (Stats. 1992, ch. 876, § 4.)[3] The purpose of this amendment was "to put dismissed plaintiffs on the same footing as defaulted defendants." (*Peltier* v. *McCloud River Railroad Co.* (1995) 34 Cal.App.4th 1809, 1824 [41 Cal.Rptr.2d 182].) ▆▆▆ In this appeal, we must decide whether the extension of mandatory relief to dismissed plaintiffs includes relief from dismissals granted as the result of counsel's error in filing the complaint beyond the period of limitations. We shall conclude it does not.

Prior to the 1992 amendments, section 473 had been interpreted to exclude relief from default caused by failure to comply with the statute of limitations. (See *Hanooka* v. *Pivko* (1994) 22 Cal.App.4th 1553, 1563 [28 Cal.Rptr.2d 70]; *Kupka* v. *Board of Administration* (1981) 122 Cal.App.3d 791, 794 [176 Cal.Rptr. 214]; but see *Simpson* v. *Williams* (1987) 192 Cal.App.3d 285 [238 Cal.Rptr. 566] [section 473 relief available where party initiates declaratory relief action one day beyond period for challenging arbitration award].) In *Kupka*, the court explained: "Statutes of limitation[s] ' "are, of necessity, adamant rather than flexible in nature," ' and are ' "upheld and enforced regardless of personal hardship." ' . . . When the Legislature has decided to introduce an element of flexibility in a particular instance, it has expressly provided for extension of the limitation period on a showing of good cause, and courts have interpreted the 'good cause' standard as equivalent to a showing under section 473. . . . In the absence of such a specific provision for extension, it must be inferred the Legislature did not intend to permit relief on grounds of good cause or under section 473." (*Kupka* v. *Board of Administration, supra*, 122 Cal.App.3d at pp. 794-795, citations omitted; see also *Sinetos* v. *Department of Motor Vehicles* (1984) 160 Cal.App.3d 1172, 1175 [207 Cal.Rptr. 207].)

---

[3]Section 473 now reads in relevant part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, *dismissal*, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. . . . Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or *dismissal* entered against his or her client, unless the court finds that the default or *dismissal* was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect. . . ." (Italics added.)

The limitations statute at issue in *Kupka*, Government Code section 11523, required the filing of a petition for writ of mandate to review an administrative decision within 30 days of the last day on which reconsideration could be ordered. This statute contained no provision for extension of the filing period on a showing of good cause. The *Kupka* court denied section 473 relief, concluding that a contrary result "would work a profound change in our system of procedure." (*Kupka* v. *Board of Administration*, *supra*, 122 Cal.App.3d at p. 794.)

Following the 1992 amendments to section 473, the Court of Appeal in *Hanooka* v. *Pivko*, *supra*, 22 Cal.App.4th 1553 concluded discretionary relief from a "dismissal" caused by plaintiff's failure to comply with the statute of limitations in a medical malpractice action was unavailable. The statute of limitations, Code of Civil Procedure section 340.5, requires commencement of an action within one year of discovery, but Code of Civil Procedure section 364, subdivision (d) extends that time to 90 days from service on defendant of notice of intent to sue. Plaintiffs' counsel had executed a notice of intent to sue within the one year period of limitations but mistakenly mailed it to the wrong address. The trial court granted defendants' motion for summary judgment and denied the plaintiffs' motion for relief under section 473.

The Court of Appeal affirmed. Relying in part on *Kupka*, the court explained: "[A]ppellants cannot extend the medical malpractice statute of limitations, section 340.5, by applying section 473 to the notice provision of section 364. Section 340.5 makes no provision for an extension of a limitations period on a showing of good cause, or specifically under section 473. Indeed, section 340.5 prohibits tolling beyond the three-year period except in particular circumstances, and no tolling is provided at all for the one-year period following discovery. Section 364, which contains a limitations period requiring 90 days' notice prior to commencing a medical malpractice action, should likewise not be susceptible to extension as it is contained within [part 2,] title 2 of the Code of Civil Procedure ('Time of Commencing Actions') and inexorably impacts upon the limitations period of section 340.5. 'Unknown defendants' are the only exception to section 364's notice requirements; there is no exception for good cause shown, and accordingly application of section 473 is precluded. We conclude that applying section 473 to section 340.5 through section 364 would create a 'loophole' not envisioned by the Legislature." (*Hanooka* v. *Pivko*, *supra*, 22 Cal.App.4th at p. 1563.)

Plaintiff argues *Hanooka* is inapposite because the mistake in serving notice of intent to sue occurred before the effective date of the 1992

amendments and the amendments do not apply retroactively. However, it is not the date of the mistake but the date of the default or dismissal which determines whether the amendments apply. In *Williams* v. *Los Angeles Unified School Dist.* (1994) 23 Cal.App.4th 84 [28 Cal.Rptr.2d 219], the court held the 1992 amendments do not apply retroactively to defaults or dismissals occurring prior to their effective date. The *Hanooka* opinion is silent as to when the trial court granted the defendants' motion for summary judgment. However, because the opinion quotes from the amended rather than the superseded version of section 473 (*Hanooka* v. *Pivko, supra,* 22 Cal.App.4th at p. 1561), we assume summary judgment was granted after the effective date of the amendment. In any event, it is clear the *Hanooka* court applied the amended version of section 473.

Alternatively, plaintiff argues *Hanooka* is inapposite because it involved the discretionary provision of section 473 rather than the mandatory provision at issue here. This is a distinction without a difference. The 1992 amendments added the word "dismissal" to both the discretionary and mandatory provisions of section 473. ▉ Where the same word is used in more than one place in a legislative enactment, we presume the same meaning was intended in each instance. (See *Cano* v. *State Bd. of Control* (1992) 7 Cal.App.4th 1162, 1165 [9 Cal.Rptr.2d 355]; *Guthman* v. *Moss* (1984) 150 Cal.App.3d 501, 508 [198 Cal.Rptr. 54].) ▉ If "dismissal," as used in the discretionary provisions of section 473, does not authorize relief from failure to comply with the statute of limitations, the identical term as used in the mandatory provision has the same effect.

In *Peltier* v. *McCloud River Railroad Co., supra,* 34 Cal.App.4th 1809, this court had occasion to consider the 1992 amendments to the mandatory provision of section 473 in the context of a discretionary dismissal for failure to prosecute. Code of Civil Procedure sections 583.410 and 583.420 authorize dismissal for failure to bring a matter to trial within three years. The question presented in *Peltier* was whether amended section 473 mandated relief from a discretionary dismissal caused by attorney neglect. We concluded it did not.

We explained interpretation of the 1992 amendments to apply to dismissals under Code of Civil Procedure sections 583.410 and 583.420 would effectively eliminate those provisions inasmuch as any delay in serving a defendant or bringing a matter to trial is nearly always the fault of counsel. Because the legislative history of the 1992 amendments characterized the changes therein as "noncontroversial" (see Rep. of Sen. Com. on Judiciary, Analysis of Assem. Bill No. 3296 (1991-1992 Reg. Sess.) as amended

Aug. 4, 1992, pp. 3-4), we concluded the Legislature did not intend such a sweeping change. (*Peltier* v. *McCloud River Railroad Co.*, *supra*, 34 Cal.App.4th at p. 1820.) Rather, in line with judicial interpretations prior to the 1992 amendments, we held the Legislature intended a much narrower interpretation—"to put plaintiffs whose cases are dismissed for failing to respond to a dismissal motion on the same footing with defendants who are defaulted for failing to respond to an action." (*Peltier* v. *McCloud River Railroad Co.*, *supra*, 34 Cal.App.4th at p. 1824; see also *Graham* v. *Beers* (1994) 30 Cal.App.4th 1656, 1661 [36 Cal.Rptr.2d 765]; *Tustin Plaza Partnership* v. *Wehage* (1994) 27 Cal.App.4th 1557, 1565-1566 [33 Cal.Rptr.2d 366].)[4]

Consistent with both *Peltier* and *Hanooka*, as well as the decisions on which they rely, we conclude the Legislature did not intend by its "noncontroversial" 1992 amendments to section 473 to overrule *Kupka* and create a loophole through which a plaintiff may escape the bar of the statute of limitations. Statutes of limitations are a fundamental aspect of our legal system. They are " 'vital to the welfare of society and are favored in the law.' " (*Shain* v. *Sresovich* (1894) 104 Cal. 402, 406 [38 P. 51].) "[S]tatute[s] of limitations traditionally play[] a valid role in laying stale causes to rest and providing finality and repose without the need for any court adjudication. [Citations.]" (*Gallo* v. *Superior Court* (1988) 200 Cal.App.3d 1375, 1382 [246 Cal.Rptr. 587].) Had the Legislature intended to effect such a radical change in legal procedure as mandatory relief from the operation of the statute of limitations, it would have expressly said so in unambiguous language.

Plaintiff contends that because the tort claims statute permits relief from a late filed *claim* (Gov. Code, § 911.4), interpretation of section 473 to exclude relief from a late filed *complaint* creates a "paradox." If indeed there is a paradox, this is a matter for the Legislature to resolve, not this court. Plaintiff finds it "repugnant" that Government Code section 945.6, subdivision (b) grants relief to prisoners who file a complaint beyond the statutory period but denies similar relief to "non-criminal citizens." Again, this is a matter for the Legislature to address. Finally, plaintiff argues defendants would not have been prejudiced by allowing relief from the late filing of her complaint inasmuch as defendants were already on notice of the claim. However, application of a limitations statute, unlike the equitable doctrine of laches, requires no showing of prejudice.

---

[4]Even before the 1992 amendments, it was recognized section 473 provides relief to plaintiffs who inadvertently fail to oppose a motion to dismiss. (See *Tustin Plaza Partnership* v. *Wehage*, *supra*, 27 Cal.App.4th at p. 1565; *Wilcox* v. *Ford* (1988) 206 Cal.App.3d 1170, 1176 [254 Cal.Rptr. 138]; *Stephens* v. *Baker & Baker Roofing Co.* (1955) 130 Cal.App.2d 765, 771 [280 P.2d 39].)

Because plaintiff failed to comply with the statute of limitations applicable to government tort claims, and section 473 relief is unavailable, defendants were entitled to dismissal.

The judgment is affirmed. Defendants are to receive their costs on appeal.

Scotland, J., and Morrison, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 16, 1996.