Filed 8/3/16  Terrace Garden Apartments v. County of Alameda CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| TERRACE GARDEN APARTMENTS, LLC,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>Defendants and Respondents. | A139308<br><br>(Alameda County Super. Ct. No. HG12-615325) |

This appeal addresses the propriety of two separate procedural rulings by the trial court in litigation involving a property tax dispute between Terrace Garden Apartments, LLC (Terrace Garden) and the County of Alameda (County).  In the first instance, the trial court set aside an entry of default against the County upon discovery of a clerical error.  Thereafter, the trial court denied Terrace Garden's request for relief from default after Terrace Garden failed to appear or otherwise contest the County's demurrer, and the trial court granted it without leave to amend.  Because we see no error requiring reversal in either of the trial court's determinations, we affirm.

## I.  BACKGROUND

The underlying dispute in this case involves the proper characterization of a lease with an option to purchase under the property tax laws.  In 1996, Terrace Garden leased an apartment complex in County, APN 77C-1310-4-10 (Property).  The lease included a purchase option, which Terrace Garden exercised in 2008.  The County Assessor viewed

the purchase pursuant to the option as a change in ownership and, as a consequence, reassessed the Property at its fair market value as of the purchase date, October 29, 2008. Terrace Garden, however, alleges that the original 1996 lease was a financing contract and thus the Property actually changed ownership in 1996, when the lease and option were executed, and should have been reassessed at its fair market value at that time.

In August 2009, Terrace Garden filed applications for changed assessment, seeking administrative review both on the change of ownership issue and on the issue of valuation. In an extensive opinion dated July 28, 2011, the County's Hearing Officer concluded that Terrace Garden had failed to establish the elements of a financing lease and therefore upheld the County's 2008 change of ownership date. Thereafter, on December 7, 2011, the County's Assessment Appeals Board reduced the 2008 value adopted by the Assessor from $9,556,347 to $8,460,000.

On February 1, 2012, Terrace Garden filed a complaint in Alameda County Superior Court seeking a tax refund, declaratory relief, and relief in mandamus (Complaint). It did not serve the Complaint on the County, however, until October 5, 2012. In response, the County filed a demurrer on November 5, 2012, with a hearing date set for January 10, 2013. It is the circumstances surrounding the filing of this pleading that are at issue in this appeal.

According to a declaration filed by Catherine Hamze—the employee in the Office of County Counsel who was responsible for filing the demurrer—she took the demurrer pleadings to the Clerk's Office in Oakland on November 5, 2012, and spoke with the supervising clerk there. The supervising clerk told Ms. Hamze that the Oakland Clerk's Office would accept the demurrer documents and send them to the Hayward Clerk's Office internally for same day filing.[1] Later on November 5, the attorney handling the

---

[1] The local rules of the Alameda County Superior Court—which we, on our own motion, judicially notice—currently provide that pleadings in civil cases may be filed either in Oakland or Hayward. (Evid. Code, §§ 452, subd. (c) & 459; Alameda County Superior Court, Local Rule 1.9(d).) Apparently, however, at the time the County's demurrer was filed in this case, litigants were required by the local rules to file all pleadings at the court

matter for the County emailed Ms. Hamze, noting that the demurrer had to be filed that day, and she assured him that the court clerk had agreed that the demurrer pleadings would be endorsed as filed on November 5. However, after receiving a copy of Terrace Garden's Request for Entry of Default on or about November, 15, 2012, Ms. Hamze checked the file and discovered that the endorsed-filed copies incorrectly showed an endorsement date of November 7, 2012, rather than November 5, 2012. She therefore met again with the supervising clerk in the Oakland Clerk's Office to discuss the matter. As a result, the supervising clerk called the Hayward Clerk's Office to inform them of the problem, and the supervising clerk in Hayward indicated that the endorsement error would be corrected immediately. Later that day, Ms. Hamze checked the court's website and found that the demurrer pleadings were now shown as having been filed on November 5, 2012. In addition, the endorsement on the imaged pleadings had been corrected to show the filing date of November 5.

When Terrace Garden had presented its Request for Entry of Default to the Clerk's Office on November 7, 2012, its request was granted by the court clerk because, at that time, the demurrer documents showed a filing date of November 7, and thus it appeared that the County had not filed any responsive pleadings in a timely manner. The Office of County Counsel explained the situation to Terrace Garden by letter dated November 16, 2012, as follows: "A supervisor in the Court Clerk's office (Veronica) informed us that the demurrer filed on November 5, 2012 was inadvertently date-stamped late on November 7, 2012, apparently due to clerical error. The Clerk Supervisor acknowledged the error, and informed us that she would correct the error by re-stamping the documents to reflect the actual filing date of November 5, 2012." However, when the County's attorney followed up with Terrace Garden asking it to withdraw its Request for Entry of Default, counsel for Terrace Garden indicated, by email dated December 6, 2012, that he had no authority to stipulate to vacate the County's default.

---

facility to which the matter had been assigned. This case was assigned as of February 2012 to Judge Hernandez at the Hayward Hall of Justice.

3

As a consequence, on December 11, 2012, the County filed a motion to set aside the default. The hearing on the motion was set for January 10, at the same time as the hearing on the demurrer, itself. Terrace Garden filed a number of documents in opposition to the County's motion. Then, on December 31, 2012, in advance of the scheduled hearing, the trial court issued an order setting aside the County's default on its own motion. The trial court's order stated in full as follows: "On the Court's own motion, the Request for Entry of Default filed and entered on November 7, 2012 is hereby SET ASIDE, due to clerical error[.] Defendant, County of Alameda, filed a Demurrer to Complaint on November 5, 2012[.]"

Thereafter, the hearing on the demurrer proceeded as scheduled on January 10. Counsel for Terrace Garden did not appear and the trial court issued an order noting that the demurrer was unopposed and that Terrace Garden did not file any opposition or request leave to amend. The trial court concluded that Terrace Garden had failed to exhaust its administrative remedies, both because it had not filed a claim for a tax refund and because, for all tax years except 2008, it had failed to file applications for changed assessment. The trial court therefore granted the County's demurrer without leave to amend.

Approximately four months later, on May 17, 2013, Terrace Garden filed a Motion for Relief from Order Granting Demurrer pursuant to Code of Civil Procedure section 473, subdivision (b) (section 473(b)).[2] Terrace Garden contended that, given the procedural confusion in this case, it was unaware that the hearing on the demurrer was still set for January 10, 2013. It further argued that the trial court's sua sponte order relieving the County from default was entered and served by mail on January 2, 2013—with an effective service date of January 7, three days before the hearing on the demurrer—and thus there was no time to prepare and file an opposition. Counsel for Terrace Garden also indicated that he believed that the County would have to file a new demurrer because the County was in default when the initial demurrer was filed. Under

_____

[2] All statutory references are to the Code of Civil Procedure unless otherwise specified.

4

these circumstances, Terrace Garden argued, the demurrer was granted as a result of " 'mistake, inadvertence, surprise, or neglect' " and should be set aside as contemplated by section 473(b).

After opposition from the County and a hearing on the matter, the trial court denied Terrace Garden's motion on June 12, 2013. Terrace Garden's July 2013 notice of appeal brings the matter before this court. Thereafter, a final judgment sustaining the demurrer without leave to amend and dismissing the action with prejudice was entered by the trial court on October 15, 2013.

## II.  DISCUSSION

### A.      *Set Aside of Clerk's Entry of Default*

As stated above, on December 31, 2012, the trial court expressly found that the County's demurrer to the Complaint had been filed on November 5, 2012. Because the filing of the demurrer was timely, the trial court set aside the clerk's November 7, 2012, entry of default, denominating it a clerical error. On appeal, Terrace Garden claims that the County's default should not have been set aside because the demurrer was actually received by the Clerk's office one day late, on November 6, 2012. The basis for this claim appears to be the fact that there is an otherwise unidentified date stamp of November 6, 2012, in the left side margin of the County's Notice of Demurrer.

Relying on its premise that the County's documents were untimely, Terrace Garden then goes on to make numerous arguments supporting its claim that the trial court's order setting aside the entry of default was improper. Specifically, it contends: (1) that a scheme to commit a felony—here the intentional back dating of court-filed documents to a date prior to their delivery—cannot form the basis for relief from a civil default; (2) that the trial court should not have relieved the County from the effects of its own carelessness; (3) that the cases cited by the County in support of relief from default are distinguishable because they all involved the timely filing of papers; (4) that, once the notice of default was received by the court clerk on November 7, 2012, the clerk had no jurisdiction to subsequently back date documents and manipulate the online filing system; and (5) that the clerk's office in Oakland did not accept the County's demurrer

5

for *filing*, but simply for *transfer* to the Hayward Branch.  In making these myriad arguments, however, Terrace Garden not only ignores the trial court's express factual findings, but also seriously misapprehends our appellate standard of review.

In short, the trial court in this case specifically found that the County's demurrer was filed on November 5, 2012, and thus the clerk's entry of default was a clerical error. Unless this finding is rejected, all of Terrace Garden's arguments necessarily fail. However, on appeal, we will not disturb such a factual finding if it supported by substantial evidence.  (*Crews v. Willows Unified School Dist.* (2013) 217 Cal.App.4th 1368, 1379.)  Thus, "[w]e must accept as true all evidence and all reasonable inferences from the evidence tending to establish the correctness of the trial court's findings and decision, resolving every conflict in favor of the judgment." (*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 631 (*Howard*).)  Moreover, on appeal, we defer to the trier of fact on issues of credibility.  (*Lenk v. Total-Western, Inc.* (2001) 89 Cal.App.4th 959, 968.)  Finally, "[i]t is not our task to weigh conflicts and disputes in the evidence; that is the province of the trier of fact.  Our authority begins and ends with a determination as to whether, on the entire record, there is *any* substantial evidence, contradicted or uncontradicted, in support of the judgment." (*Howard*, *supra*, 72 Cal.App.4th at pp. 630-631.)

Here, substantial evidence clearly supports the trial court's determination with respect to the date of filing of the County's demurrer.  First, as described above, Ms. Hamze's uncontradicted declaration describes the circumstances of the filing, states that she presented the papers for filing on November 5, 2012, and indicates that she was assured by the court clerk that the demurrer pleadings would be endorsed as filed on that date.  In addition, a contemporaneous memorandum—dated November 5, 2012—from Ms. Hamze to the clerks in both Oakland and Hayward memorializes her understanding that the documents would be endorsed filed in Hayward on November 5.  And, the fact that the clerks immediately acted to correct the erroneously dated documents when the matter was brought to their attention also supports the conclusion that this was their understanding as well.

6

Moreover, there is a host of evidence that the pleadings were actually prepared for filing on November 5, 2012. A declaration presented by John Seyman, the attorney handling the litigation for the County, states that he gave the completed responsive pleadings to his secretary on the morning of November 5 and told her to make sure they were filed that same day. It further declares that, when he checked on the status of the documents later on November 5, Ms. Hamze emailed him that "she had filed the pleadings with the Supervising Clerk in the Oakland Superior Court" and that "the Clerk had assured her that the pleadings would be filed and endorsed the same day by the Clerk in Hayward." Also, the proof of service of the demurrer on Terrace Gardens, signed under penalty of perjury, is dated November 5, 2012. And, all of the demurrer pleadings were signed on November 5.

It is true that the acceptance of the County's pleadings by the court clerk in Oakland in this case was technically not in accord with the then-applicable local rule requiring filing in the court facility where the litigation had been assigned. Whatever the propriety of this seemingly special treatment, however, "[t]he clerk speaks for the court," and thus the County was entitled to rely on the assurances of the court clerk that the pleadings would be filed on November 5. (*Hu v. Silgan Containers Corp.* (1999) 70 Cal.App.4th 1261, 1267.) Indeed, precedent further supports this conclusion. In *Mirvis v. Crowder* (1995) 32 Cal.App.4th 1684 (*Mirvis*), for instance, the court clerk accepted a pleading and promised it would be filed on the date received, even though the filing fee provided was insufficient. (*Id.* at pp. 1685-1686.) Although a check for the balance due was immediately sent, the complaint was not filed on the date received, but was instead filed six days later, making it untimely. (*Id.* at p. 1686.) Despite state statutes requiring that filing fees in civil actions be paid in advance, the *Mirvis* court found that the plaintiff's complaint should be deemed timely filed. (*Id.* at pp. 1686, 1688.) Specifically, the court concluded that the court clerk's representation to plaintiff's counsel that the complaint would be timely filed despite the incorrect filing fee constituted extrinsic mistake entitling the plaintiff to relief. (*Id.* at p. 1688.) In fact, as the *Mirvis* court noted, had plaintiff's counsel not been assured by the clerk that the

complaint would be timely filed, counsel could have taken steps to deliver the balance of the filing fee to the court on that date to ensure timely filing. (*Ibid.*; see also *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 978-979 [equitable relief from default granted where court clerk misinformed out-of-state defendants of the correct amount of the filing fee for their answer; answer was subsequently rejected by the clerk's office and, by the time it was returned with the correct fee, was untimely].)

Since the County's demurrer was filed on November 5, 2012, the County had not failed to file a timely responsive pleading to the Complaint and thus the entry of default against the County on November 7, 2012, was void. (See *Stevens v. Torregano* (1961) 192 Cal.App.2d 105, 111-112; see also *Baske v. Burke* (1981) 125 Cal.App.3d 38, 45 (*Baske*).) It was also entered through an extrinsic mistake of the clerk, who obviously would not have intended both to assure the County that its demurrer would be timely filed and to enter a default for failure to timely file responsive pleadings. (Compare *Mirvis*, *supra*, 32 Cal.App.4th at pp. 1687-1688.) Under such circumstances, the County was properly entitled to relief from default under either section 473, subdivision (d), or under the court's equitable powers. (See § 473, subd. (d) [allowing court to correct clerical mistakes in its judgments or orders on its own motion, as well as permitting the set aside of a void judgment or order upon motion of either party after notice to the other party]; *Rappleyea*, *supra*, 8 Cal.4th at pp. 982- 984 [granting equitable relief where defaulted party has meritorious case, can articulate a satisfactory excuse (such as an extrinsic mistake) for not presenting a defense, and moves diligently to set aside the default once discovered].) We see no error.

**B.** *Relief from Order Granting Demurrer Under Section 473(b)*

As described above, after the trial court sustained the County's demurrer without leave to amend, Terrace Garden moved for relief from the order sustaining the demurrer in the trial court under section 473(b). That statute authorizes the court to grant parties relief from proceedings taken against them through their mistake, inadvertence, surprise or neglect. Specifically, it provides in pertinent part as follows: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a

judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect.  Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken. . . . Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."

Thus, section 473(b) "provides for two distinct types of relief.  Under the discretionary relief provision, on a showing of 'mistake, inadvertence, surprise, or excusable neglect,' the court has discretion to allow relief from a 'judgment, dismissal, order, or other proceeding taken against' a party or his or her attorney.  Under the mandatory relief provision, on the other hand, upon a showing by attorney declaration of 'mistake, inadvertence, surprise, or neglect,' the court shall vacate any 'resulting default judgment or dismissal entered.' " (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 615-616 (*Leader*).)  Here, Terrace Garden contends that it is entitled to relief under both the mandatory and the discretionary provisions of section 473(b).  We are not convinced.

Pursuant to the mandatory portion of section 473(b), "a mea culpa declaration by an attorney establishing that a default, default judgment, or dismissal was entered against his or her client as a result of attorney neglect deprives the trial court of discretion to deny relief, even without a showing that the neglect was excusable." (*Tackett v. City of Huntington Beach* (1994) 22 Cal.App.4th 60, 65.)  As the *Leader* court noted:  "The range of attorney conduct for which relief can be granted in the mandatory provision is

9

broader than that in the discretionary provision, and includes inexcusable neglect. *But the range of adverse litigation results from which relief can be granted is narrower.*" (*Leader*, *supra*, 89 Cal.App.4th at p. 616, italics added.) Specifically, relief is only available from a clerk's entry of default, a default judgment or a dismissal. (§ 473, subd. (b).)

"A 'default judgment' within the meaning of section 473(b) is a judgment entered after the defendant has failed to answer the complaint and the defendant's default has been entered." (*English v. Ikon Business Solutions* (2001) 94 Cal.App.4th 130, 143 (*English*).) The term "dismissal" in section 473(b) is read similarly, but from the plaintiff's perspective. Thus, a "dismissal" for purposes of the mandatory relief provision is limited to a dismissal that results from the failure to oppose a motion to dismiss. (*Id.* at pp. 140-141, 145-148 ["the Legislature 'intended to reach only those dismissals which occur through failure to oppose a dismissal motion—the only dismissals which are procedurally equivalent to a default.' "]; see *English*, *supra*, 94 Cal.App.4th at pp. 148-149 [summary judgment in favor of a defendant is not a dismissal for purposes of the mandatory provision of section 473(b); dismissal under the mandatory provision "cannot reasonably be construed to encompass a judgment to which a court has determined the defendant is entitled as a matter of law based on undisputed facts before the court"; see also *Vandermoon v. Sanwong* (2006) 142 Cal.App.4th 315, 318, 321 [mandatory relief provision does not apply to a judgment entered after the defendants failed to appear at trial]; *Leader*, *supra*, 89 Cal.App.4th at p. 607, 616-619 [mandatory relief not available to file a late amended complaint after the sustaining of a demurrer with leave to amend; mandatory relief is only available where plaintiff fails to appear in opposition to a dismissal motion]; *Castro v. Sacramento County Fire Protection Dist.* (1996) 47 Cal.App.4th 927, 929, 933-934 (*Castro*) [mandatory relief not available from dismissal after sustaining of demurrer based on running of the statute of limitations].)[3]

---

[3] In reaching this conclusion, we reject the broader interpretations of the mandatory provision of section 473(b) that have been espoused by some courts. (See, e.g., *In re Marriage of Hock & Gordon-Hock* (2000) 80 Cal.App.4th 1438, 1444 [mandatory relief

10

In the present case, Terrace Garden seeks relief from the trial court's order granting the County's demurrer. Clearly, the trial court's order sustaining the demurrer is not a "default entered by the clerk" under section 473(b). Nor is it a "default judgment" entered after the County failed to answer the Complaint. (*English*, *supra*, 94 Cal.App.4th at p. 143.) Finally, it cannot be construed as a "dismissal" which occurred through Terrace Garden's failure to oppose a dismissal motion. (*English*, *supra*, 94 Cal.App.4th at pp. 145-148.)

Rather, the trial court's order was a decision on the merits in which the court concluded that Terrace Garden had, among other things, failed to exhaust its administrative remedies by not filing a claim for tax refund and failed to file applications for changed assessment for all years other than 2008. (Compare *English*, *supra*, 94 Cal.App.4th at p. 149 [mandatory provision not applicable to summary judgment in which a court determined the defendant is entitled to relief "as a matter of law based on undisputed facts before the court"]; see also *Friends of Shingle Springs Interchange, Inc. v. County of El Dorado* (2011) 200 Cal.App.4th 1470, 1483 [trial court can only sustain a demurrer if a plaintiff's complaint fails to allege facts sufficient to state a cause of action under any legal theory].) Moreover, the failure to exhaust administrative remedies is a jurisdictional bar analogous to the situation in *Castro*, where mandatory relief was found not to be available from a dismissal after a demurrer which was sustained on statute of limitations grounds. (*JP Morgan Chase Bank, N.A. v. City and County of San Francisco* (2009) 174 Cal.App.4th 1201, 1210; Rev. & Tax. Code, §§ 5097, 5140 & 5142; compare *Castro*, *supra*, 47 Cal.App.4th at pp. 933-934.) In sum, under the circumstances here presented, the mandatory provision of section 473(b) was unavailable to Terrace Garden.

---

proper from judgment on spousal support and division of property after a trial at which appellant failed to appear]; *Yeap v. Leake* (1997) 60 Cal.App.4th 591, 600-601 [mandatory relief authorized from judgment on an arbitration award where plaintiff failed to appear at arbitration]; *Avila v. Chua* (1997) 57 Cal.App.4th 860, 867-868 [mandatory relief from a summary judgment granted by the court after striking the plaintiff's untimely opposition].)

This leaves Terrace Garden's request for relief under the discretionary provision of section 473(b), which states that a court "may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).) "This part of section 473 is recognized as invoking the trial court's discretion, and the judgment of the trial court ' "shall not be disturbed on appeal absent a clear showing of abuse." ' " (*Fasuyi v. Permatex, Inc.* (2008) 167 Cal.App.4th 681, 694 (*Fasuyi*).) In the context of sections 473(b), however, " 'the trial court's discretion is not unlimited and must be " 'exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice.' " [Citations.] [¶] Section 473 is often applied liberally where the party in default moves promptly to seek relief, and the party opposing the motion will not suffer prejudice if relief is granted. [Citations.] In such situations "very slight evidence will be required to justify a court in setting aside the default." [Citations.] [¶] Moreover, because the law strongly favors trial and disposition on the merits, any doubts in applying section 473 must be resolved in favor of the party seeking relief from default [citations]. Therefore, a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits. [Citations.]' " (*Fasuyi*, *supra*, 167 Cal.App.4th at p. 695.)

To obtain discretionary relief under section 473(b), the statute, by its express terms, requires a showing of the requisite mistake, inadvertence, or excusable neglect. It also requires that the party diligently seek relief "within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (§473, subd. (b); see also *Fasuyi*, *supra*, 167 Cal.App.4th at p. 694.) Finally, any application for discretionary relied under section 473(b) must be "accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted." (§473, subd. (b).) Presumably, this pleading requirement allows the trial court to consider the possible merit of the petitioner's underlying claims, so that granting the relief requested would not be an idle act. (Compare *Baske*, *supra*, 125

12

Cal.App.3d at p. 46 [requiring the existence of a meritorious defense to the underlying action before exercising equitable power to set aside a default judgment].)

Here, it is arguable that counsel for Terrace Garden's failure to attend the January 10, 2013, hearing on the demurrer was *inexcusable* neglect and therefore not within the scope of the discretionary portion of section 473(b). If it was unclear to counsel whether the hearing date remained on calendar, he could easily have checked with the court and/or appeared at the hearing to ask for additional time to respond to the County's pleadings. (*Rappleyea*, *supra*, 8 Cal.4th at p. 979 ["[p]rocedural law cannot cast a sympathetic eye on the unprepared, or it will soon fragment into a kaleidoscope of shifting rules"].) This he did not do.

However, even if Terrace Garden's behavior was excusable, it applied for relief under section 473(b) over four months after the trial court's January 10, 2013, order sustaining the County's demurrer. Although Terrace Garden has not disclosed when it actually learned of the trial court's January 10 order, the record reflects that the court clerk mailed a copy of the order to Terrace Garden on January 11, 2013. Moreover, notice of entry of the trial court's order was served on Terrace Garden by the County on January 25, 2013. As stated above, in order to obtain discretionary relief under section 473(b), a party must make a motion for relief within a reasonable time. (§473, subd. (b).) "Thus, a ' "moving party . . . must show *diligence* in making the motion after discovery of the default." ' " (*Younessi v. Woolf* (2016) 244 Cal.App.4th 1137, 1145.) Recently, a seven-week delay in seeking to set aside a dismissal was held to be unreasonable for purposes of section 473(b), absent evidence explaining that delay. (*Ibid*.) In this case, there is no explanation in the record as to why Terrace Garden waited so long to seek relief after the "complete and total shock" of learning that the County's demurrer had been granted. Instead, Terrace Garden stated only that it "moved with diligence" after being "completely rebuffed" in its attempt to meet and confer with the County. This is insufficient to explain Terrace Garden's extensive dilatoriness in requesting relief from the court. Thus, Terrace Garden's lack of diligence after discovery of the grant of the

13

demurrer supports the trial court's denial of Terrace Garden's motion under section 473(b).

In addition, Terrace Garden failed to meet the third requirement for discretionary relief under section 473(b)—that is, it failed to file "a copy of the answer or other pleading proposed to be filed" in the action along with its request for relief. (§473, subd. (b).) In its initial motion requesting relief from the County's demurrer, Terrace Garden focused solely on the issue of excusable neglect. After the County argued in response that Terrace Garden had failed to propose even "a single ground to show the demurrer order was in error," Terrace Garden filed a reply stating it had meritorious defenses to the County's demurrer. In particular, Terrace Garden filed documents indicating that it had filed claims for tax refund on May 13, 2013. Still, no proposed responsive pleading was filed, and Terrace Garden failed to explain how its claims for refund, filed over four months after the trial court sustained the County's demurrer, could operate to give the trial court jurisdiction over the case when the County had not even acted yet with respect to those claims.[4]

Given Terrace Garden's unreasonable delay and failure to file a proposed responsive pleading with its request for relief under section 473(b), along with its inability to otherwise demonstrate any type of meritorious defense to the County's

_____

[4] Several new cases have found "substantial compliance" with the pleading requirement set forth in section 473(b) where the substantive content that would generally be contained in such a pleading is otherwise before the court. (See *Austin v. Los Angeles Unified School District* (2016) 244 Cal.App.4th 918, 932-934 [substantial compliance with pleading requirement despite failure to file memorandum in opposition to summary judgment where essentially the same factual contentions and legal arguments were contained in other filings]; see also *Rodriguez v. Brill* (2015) 234 Cal.App.4th 715, 729, 733-734 (*Rodriguez*) [applying the pleading requirement to a request for mandatory relief under section 473(b) and then determining that substantial compliance with both the timing and the content of the required response is adequate].) However, we need not here determine whether substantial compliance is sufficient for purposes of section 473(b) discretionary relief, because Terrace Garden has failed to meet even this relaxed standard. The purpose of the pleading requirement is "to avoid further delays by compelling the delinquent party to demonstrate a readiness to proceed on the merits." (*Rodriguez*, *supra*, 234 Cal.App.4th at p. 729.) Terrace Garden has not established such a readiness.

14

demurrer, it was not unreasonable for the trial court to decline the relief requested. Indeed, had the trial court agreed to set aside its previous order sustaining the County's demurrer, it appears that its decision would only have led, inevitably, to a second judgment against Terrace Garden. We see no error and certainly no abuse of discretion.

## III.  DISPOSITION

The judgment is affirmed.  Each party to bear their own costs.

 

 

 

 

 

                                                _____

                                                Reardon, J.

We concur:

_____

Ruvolo, P.J.

_____

Rivera, J.

A139308 - *Terrace Garden v. County of Alameda*